OPINION OF THE COURT
 

 Graffeo, J.
 

 Defendant was charged with criminal contempt in the second degree based on allegations that he violated an order of protection issued incident to a bad check prosecution. Represented by counsel, he pleaded guilty to attempted criminal contempt in the second degree. On appeal, defendant asserted that his conviction should be reversed and the accusatory instrument dismissed on the ground that the order of protection was invalid under CPL 530.13 (4) because the party protected was not a victim or witness in the bad check proceeding. County Court concluded that the argument had been forfeited by defendant’s guilty plea. We agree and affirm the judgment of conviction.
 

 In May 2000, defendant appeared in the North Tonawanda City Court with his attorney and entered a guilty plea to disorderly conduct in satisfaction of a bad check charge. He was
 
 *571
 
 sentenced to a conditional discharge and ordered to pay restitution in the amount of $80. A week after he pleaded guilty, defendant again appeared in City Court. Although the transcript of this proceeding is not part of the record in this case, City Court apparently issued an order of protection directing defendant to stay away from a particular person, referred to for our purposes as Gary M. The order of protection, which is included in the record, is predicated on CPL 530.13, the statute authorizing the issuance of orders of protection in favor of victims and witnesses in criminal actions. The order does not indicate whether Gary M. is a witness or victim with any connection to the bad check charge. Compliance with the order was added as a requirement underlying the conditional discharge. Defendant signed the order of protection, acknowledging that he was present at the time it was issued and knew its contents.
 

 One month later, police officers executed a search warrant at Gary M.’s residence and discovered defendant there in violation of the order of protection. Defendant was arrested and charged by misdemeanor information with criminal contempt in the second degree. The information was signed by three police officers who averred that they personally observed defendant in the residence and that his presence was “in violation of an Order of Protection that was issued by North Tonawanda City Court. . . on the 18th day of May, 2000 prohibiting the defendant from being at that residence.” A copy of the order of protection was attached to the information.
 

 When defendant and his attorney appeared in City Court on the criminal contempt charge on June 29, 2000, defense counsel questioned whether it had been appropriate to issue the order of protection incident to a bad check prosecution, although he did not argue that the protected party was neither a victim nor a witness to the bad check incident. The court responded that it had determined the order was necessary based on an indicated report of abuse from the Department of Social Services and information from concerned citizens that defendant was abusing Gary M. The matter was adjourned to provide the defense an opportunity to file motions.
 

 Two weeks later, with his attorney present, defendant pleaded guilty to attempted criminal contempt in the second degree. During the plea colloquy, City Court stated that it was continuing the order of protection. There was no objection by the defense. At sentencing, the court advised defendant that a permanent order of protection would be issued in favor of Gary M. Again, defendant raised no objection.
 

 
 *572
 
 On appeal, defendant argued for the first time that the order of protection underlying the criminal contempt charge was invalid under CPL 530.13 because Gary M. was not a victim or witness relating to the bad check charge. County Court questioned whether the issue was preserved for review but found that, even if it were deemed sufficiently preserved, defendant had forfeited the claim by pleading guilty. A Judge of this Court granted defendant leave to appeal.
 

 CPL 530.13 (4) authorizes a court to issue a permanent order of protection in favor of a victim or witness in a criminal action. In
 
 People v Nieves
 
 (2 NY3d 310, 316 [2004]), we noted that the “primary intent of the statute is to ensure that victims and ‘witnesses who have the courage and civic responsibility to cooperate with law enforcement officials are afforded the maximum protection possible.’ ” A court cannot rely on CPL 530.13 (4) to issue an order of protection for a party unrelated to the underlying criminal action.
 

 In
 
 Nieves,
 
 this Court held that a permanent order of protection issued at the conclusion of a criminal action is appealable as part of the judgment of conviction. We also held that a challenge to the scope or duration of such an order must be preserved by objection in the issuing court. Here, defendant did not appeal from the disorderly conduct conviction and apparently did not object to the order of protection when it was originally issued. Rather, defendant violated the order, ultimately pleading guilty to attempted criminal contempt.
 

 Thus, the threshold question in this case is whether defendant’s challenge to the validity of the order of protection is reviewable despite his guilty plea to attempted criminal contempt. “A plea of guilty, as we have repeatedly observed, generally marks the end of a criminal case, not a gateway to further litigation”
 
 (People v Hansen,
 
 95 NY2d 227, 230 [2000]). In
 
 Hansen,
 
 we held that by pleading guilty, defendant had forfeited his challenge to the prosecutor’s submission of hearsay evidence before the grand jury. We reasoned that where a defendant pleads guilty, the “conviction rests directly on the sufficiency of [the] plea, not on the legal or constitutional sufficiency of any proceedings which might have led to [a] conviction after trial”
 
 (id.,
 
 quoting
 
 People v Di Raffaele,
 
 55 NY2d 234, 240 [1982]). Thus, “[a] guilty plea generally results in a forfeiture of the right to appellate review of any nonjurisdictional defects in the proceedings”
 
 (People v Fernandez,
 
 67 NY2d 686, 688 [1986]).
 

 
 *573
 
 We have, however, recognized exceptions to the forfeiture rule. “The limited issues surviving a guilty plea in the main relate either to jurisdictional matters (such as an insufficient accusatory instrument) or to rights of a constitutional dimension that go to the very heart of the process (such as the constitutional speedy trial right, the protection against double jeopardy or a defendant’s competency to stand trial)”
 
 (People v Hansen,
 
 95 NY2d at 230).
 

 Defendant acknowledges that a guilty plea forfeits most appellate claims but argues that the present claim is reviewable despite the guilty plea because it involves the jurisdictional predicate underlying the validity of the accusatory instrument. He reasons that the order of protection was “void
 
 ab initio”
 
 because, he claims, Gary M. was neither a victim nor a witness. He argues that this asserted defect in the order rendered the later prosecution for criminal contempt jurisdictionally barred.
 

 The People do not dispute that a prosecution for criminal contempt in the second degree requires proof that defendant intentionally disobeyed or resisted “the lawful process or other mandate of a court” (Penal Law § 215.50 [3]). As such, had defendant declined the plea offer, the People would have had the burden of establishing that the order of protection was valid either in response to a pretrial motion to dismiss or at trial. However, because defendant pleaded guilty without creating a record on the issue, the People note that in order to determine Gary M.’s status in the prior proceeding, this Court would have to conduct a collateral review of the prior proceeding based on documents and transcripts outside the record in this case. The People argue that defendant forfeited his right to challenge the validity of the order of protection by pleading guilty and, even if that order were invalid, this would not rise to the level of a jurisdictional defect.
 

 While the record is less than clear as to the circumstances giving rise to issuance of the order of protection,
 
 [1]
 
 it raises a serious concern that Gary M. was not involved in the earlier
 
 *574
 
 bad check prosecution. Needless to say, we cannot condone the misuse of CPL 530.13 to issue an order of protection in favor of a party unrelated to a pending prosecution. If there was reasonable cause to believe that defendant had committed a crime against Gary M., the appropriate procedure would be for the prosecutor to commence a separate criminal action and seek an order of protection in that proceeding protecting Gary M. as a victim, not for the court to short circuit that process by applying CPL 530.13 in a manner clearly not intended by the Legislature.
 

 That being said, however, in this case we have no occasion to further address the validity of the underlying order of protection because defendant’s claim that City Court violated CPL 530.13 does not implicate the jurisdiction of the courts and therefore did not survive his guilty plea. To the extent defendant argues that the allegations in the accusatory instrument relating to the order of protection were jurisdictionally insufficient, the argument survives his guilty plea but is without merit because the information and supporting documents adequately pleaded that defendant violated a court order.
 

 Defendant’s CPL 530.13 argument is not of constitutional dimension but rests on the allegation that City Court erred when it issued the order of protection because Gary M. was not a witness or victim in the bad check prosecution. Generally speaking, statutory violations that do not implicate constitutional rights have not been deemed jurisdictional in nature (see
 
 e.g., People v Mills,
 
 1 NY3d 269 [2003] [statute of limitations defense is not jurisdictional and can be forfeited by defendant];
 
 People v Prescott,
 
 66 NY2d 216 [1985],
 
 cert denied
 
 475 US 1150 [1986] [guilty plea results in forfeiture of statutory double jeopardy];
 
 People v Taylor,
 
 65 NY2d 1 [1985] [failure to provide CPL 710.30 notice forfeited by guilty plea];
 
 People v Sobotker,
 
 61 NY2d 44 [1984] [right to statutory immunity forfeited by guilty
 
 *575
 
 plea];
 
 People v Thill,
 
 52 NY2d 1020 [1981],
 
 cert denied
 
 454 US 829 [1981] [statutory speedy trial claim forfeited by guilty plea]).
 

 In this respect, defendant’s challenge is not to the form of the misdemeanor information and cannot be resolved by review of that document. To the contrary, regardless of the manner in which the accusatory instrument was drafted, defendant contends that no misdemeanor information based on the order of protection could be valid because the order itself was fatally flawed.
 

 Yet, even where a defendant has pointed to an irregularity in the accusatory instrument, it is clear from our precedent that not every deficiency implicates the jurisdiction of the court. “So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading”
 
 (People v Casey,
 
 95 NY2d 354, 360 [2000]). An information is jurisdictionally sufficient if it contains allegations which would establish, “if true, every element of the offense charged and the defendant’s commission thereof’ (CPL 100.40 [1] [c]). Although an information should be based on nonhearsay allegations, “a purported hearsay defect in an accusatory instrument is nonjurisdictional and, thus, forfeited by a guilty plea”
 
 (People v Keizer,
 
 100 NY2d 114, 121 [2003]).
 

 Defendant’s claim in this case is similar to the argument this Court rejected in
 
 People v Casey,
 
 which also involved a criminal contempt prosecution. There, defendant asserted that the People’s failure to allege in the misdemeanor information that the temporary order of protection was in effect on the date of the alleged violation amounted to a fatal flaw because the order was not attached to the information, nor was its expiration date cited in that instrument. This Court noted that the “far better practice” is to attach a copy of the order of protection to the information, although the failure to do so did not amount to a jurisdictional defect (95 NY2d at 359).
 

 We concluded in
 
 Casey
 
 that “[a]ny challenge to . . . whether the order was in effect on the date of the contumacious conduct! ] was a matter to be raised as an evidentiary defense to the contempt charge, not by insistence that this information was jurisdictionally defective without annexation of the order to that accusatory instrument”
 
 (id.
 
 at 360). The information was deemed jurisdictionally sufficient because the victim had signed
 
 *576
 
 a supporting deposition, attached to the information, which stated that a temporary order of protection was in effect and she personally observed defendant violating it. We reasoned: “the fair implication of these averments established her firsthand knowledge that the order had been granted, was in effect and was violated by defendant’s harassing or criminal conduct on the date of the offense”
 
 (id.).
 
 Under
 
 Casey
 
 it is evident that an accusatory instrument must be given a reasonable, not overly technical reading and this Court will not rely on external factors to create jurisdictional defects not evident from the face of the document.
 

 The alleged defect the Court discussed in
 
 Casey
 
 stands in contrast to the omission in
 
 People v Alejandro
 
 (70 NY2d 133 [1987]), a resisting arrest conviction dismissed due to a jurisdictional defect in the misdemeanor information. Although an element of the offense of resisting arrest is that the underlying arrest be lawful, the officers who executed the information failed to allege any facts to support this element because they did not establish either that the arrest was predicated on a warrant or that the officers themselves had probable cause to effect an arrest based on their own observations of defendant. Under
 
 Alejandro,
 
 it is evident that an information is facially deficient if it entirely fails to address an element of the offense charged.
 

 The accusatory instrument in this case does not suffer from the defect identified in
 
 Alejandro
 
 because the element defendant challenges on appeal was sufficiently pleaded. The misdemeanor information specifically referenced the order of protection. In addition, although not a jurisdictional prerequisite to a valid accusatory instrument, the officers followed the “better practice” recommended in
 
 Casey
 
 of attaching a copy of the order to the information. In this context, the order was the functional equivalent of a supporting deposition for it corroborated and amplified the allegations in the information concerning the existence and terms of the judicial mandate defendant was alleged to have violated. There is no evident flaw in the order of protection—on its face, it appears to be enforceable. Granted, the order does not indicate whether Gary M. is a victim or witness but this is not a defect because neither CPL 530.13 (4), nor the form order promulgated by the Chief Administrator of the Courts pursuant to CPL 530.13 (9), requires the issuing court to designate the protected party’s status on the face of the
 
 *577
 
 order
 
 (see
 
 22 NYCRR subtit D, ch VI, criminal form l).
 
 [2]
 
 As a facially valid judicial mandate, the order of protection was entitled to the presumption of regularity for purposes of fulfilling the pleading requirements
 
 (see generally People v Dominique,
 
 90 NY2d 880 [1997]), although the presumption could have been rebutted had defendant challenged the basis of the order in a pretrial motion or at trial.
 
 [3]
 

 The order of protection in this case is analogous to the arrest warrant discussed in
 
 Alejandro:
 
 had the officers
 
 in Alejandro
 
 alleged that they arrested defendant based on a warrant—a judicial mandate arising after a probable cause determination— the accusatory instrument in that case would have been jurisdictionally sufficient, although defendant could have challenged the validity of the warrant in a pretrial motion to dismiss or at trial. The same is true here. Had defendant opted to challenge the validity of the order—an element of the offense of criminal contempt in the second degree—rather than to plead guilty in the criminal contempt proceeding, he could have pursued his argument that the order of protection was invalid. Similar to the conclusion we reached in
 
 Casey,
 
 however, “whether the order was [valid] on the date of the contumacious conduct[ ] was a matter to be raised as [a] . . . defense to the contempt charge, not by insistence that this information was jurisdictionally defective” (95 NY2d at 360). Having pleaded guilty to attempted criminal contempt on a jurisdictionally valid accusatory instrument, defendant conceded every element of the offense, including the lawfulness of the order of protection, and forfeited his claim that the order violated CPL 530.13 (4).
 

 
 *578
 
 Accordingly, the order of County Court should be affirmed. Chief Judge Kaye and Judges G.B. Smith, Cipajrick, Rosenblatt, Read and R.S. Smith concur.
 

 Order affirmed.
 

 [1]
 

 . Defendant had numerous opportunities to establish facts supporting the assertion he now raises on appeal, yet he failed to do so. Defendant apparently did not object to the order of protection when it was issued in the bad check proceeding and did not challenge the validity of the order in an appeal from the disorderly conduct conviction.
 

 In the later criminal contempt proceeding, defendant remained free to pursue the argument that the order of protection was not properly issued, notwithstanding his failure to appeal in the earlier proceeding. Yet, although
 
 *574
 
 defense counsel generally questioned the validity of the order in the criminal contempt prosecution, he did not raise the specific argument presented on appeal or make an offer of proof supporting such an argument to City Court. Defendant did not move to dismiss the accusatory instrument alleging a legal impediment to prosecution pursuant to CPL 170.30 (1) (f), nor did he develop the facts necessary to resolve the question of Gary M.’s relationship, if any, to the prior criminal proceeding. Instead, defendant pleaded guilty. And, in the presence of defendant and his attorney, City Court twice continued the order of protection without objection. Thus, in addition to the forfeiture issue, the preservation rule and the related requirement that a defendant create a record adequate for appellate review pose a hurdle in this case.
 

 [2]
 

 . A designation would not, in any event, have satisfied defendant under the circumstances of this case. If the court had characterized Gary M. either as a victim or witness in the order, defendant would undoubtedly argue on this appeal that, despite the designation, Gary M. was not, in fact, a victim or witness in the first criminal case, rendering the order of protection invalid.
 

 [3]
 

 . Orders of protection are filed in a statewide registry and are enforced by a myriad of law enforcement agencies and courts throughout the state. In many instances, neither the authorities nor the court where the order of protection is violated will be in a position to know the events giving rise to issuance of the order (or the protected party’s role in those events) at the time the accusatory instrument is drafted, nor in most cases is there any reason to question the validity of a facially valid order. Were a defendant able to plead guilty and later challenge the validity of the order as a jurisdictional defect on appeal, both the efficacy of orders of protection and the finality of guilty pleas would be compromised. Since defendant and defense counsel are often the parties most knowledgeable about the background of the order of protection, it is incumbent upon the defense to timely raise any issue relating to the validity of the order.