*242 OPINION OF THE COURT
Megan Tallmer, J.
This case raises an issue of apparent first impression. Chapter 738 of the Laws of 2004, commonly known as the Drug Law Reform Act, enacted section 259-j (3-a) of the Executive Law. That section provides, “The division of parole must grant termination of sentence after three years of unrevoked parole to a person serving an indeterminate sentence for a class A felony offense defined in article two hundred twenty of the penal law.” The new law took effect on February 12, 2005. Petitioner argues that he is entitled to the benefit of this provision because for 13 years prior to February 12, 2005 he was on unrevoked parole for an A felony drug conviction. Respondent counters that petitioner cannot take advantage of the new law because he also is serving a separate sentence for a 1981 robbery with an aggregate term of six years to life.
On January 9, 1981, petitioner was sentenced to 28 months to 7 years for a robbery. He was released to parole on November 1, 1982 and deported to Honduras a few months later. In 1986, while still on parole for robbery, petitioner committed an A-II drug felony, for which he was sentenced to a consecutive term of 6 years to life. Pursuant to section 70.30 (1) (b) of the Penal Law, the maximum terms of petitioner’s sentences were added, resulting in an aggregate sentence of six years to life. As of February 12, 2005, the effective date of the Drug Law Reform Act, petitioner had been on unrevoked parole for over 13 years. On June 28, 2005, petitioner’s parole was revoked on the grounds that, on or before June 28, 2005, petitioner failed to report to parole and illegally reentered the United States.
Petitioner waived his right to a preliminary parole revocation hearing. At the final hearing, petitioner pleaded guilty to having violated parole by failing to report to parole authorities on or before June 28, 2005. Prior to his final hearing, petitioner brought this petition for habeas corpus, alleging that he was entitled to immediate release pursuant to the Drug Law Reform Act. Respondent opposes petitioner’s application, arguing that the new law does not apply if an inmate is subject to any sentence in addition to the sentence for the class A drug felony. Respondent further contends that by pleading guilty to a parole violation, petitioner waived his right to raise the issues asserted in his habeas petition.
The Drug Law Reform Act was adopted following years of criticism that the prior mandatory prison terms under the Rock *243 efeller drug laws were onerous and ineffective. The new law reduced the sentence for a class A-II drug felony from three years to life to three years. To bring sentences prescribed by the old law more in keeping with those under the new law, the Legislature enacted section 259-j (3-a) of the Executive Law. On its face, that section does not limit its applicability to situations in which petitioner is serving a sentence only for a class A drug offense. Even if the language of the statute was ambiguous, there is nothing in the legislative history of the Drug Law Reform Act to indicate that the Legislature intended to circumscribe the reach of the ameliorative changes effected by the new law. In accordance with both the plain language of the statute and the Legislature’s intent, petitioner thus is entitled to have his 1986 drug conviction sentence terminated.
The court rejects respondent’s argument that, by pleading guilty to a parole violation, petitioner waived his right to assert that he is entitled to immediate release pursuant to the Drug Law Reform Act. Petitioner did not admit to having committed a parole violation in the three years prior to the enactment of the statute, which arguably might disqualify him from receiving the benefits of the new law. Rather, he admitted to having violated his parole by reentering the country on or before June 26, 2005.
In essence, petitioner’s argument is that the Division of Parole lacked jurisdiction to violate his parole because his sentence should have been terminated as of February 12, 2005. This is a jurisdictional argument that need not be preserved and cannot be waived. (See People v Konieczny, 2 NY3d 569, 573 [2004]; People v Hansen, 95 NY2d 227, 230 [2000]; cf People v Wilt-shire, — AD2d —, 2005 NY Slip Op 06631 [1st Dept 2005] [defendant’s plea to a misdemeanor did not waive his right to challenge the Supreme Court’s jurisdiction with respect to unindicted misdemeanors].) None of the cases relied upon by respondent in any way involves such a jurisdictional challenge.
The issue remains, however, whether petitioner continues to be subject to parole supervision on his 1981 robbery conviction. As noted, when petitioner was convicted of a new crime committed while he was on parole for robbery, the maximum terms of petitioner’s consecutive sentences were aggregated such that he was serving 6 years to life on both convictions. Section 70.30 (1) (b) of the Penal Law provides for aggregation “[i]f the defendant is serving two or more indeterminate sentences which run consecutively.” Although the Drug Law Reform Act does not *244 give the court authority to terminate any sentence other than the sentence for defendant’s drug conviction, it appears that, once the drug sentence is ended, the Department of Correction will deem all of petitioner’s sentences to be satisfied.* The court therefore grants petitioner’s habeas corpus petition to the extent of terminating petitioner’s drug sentence, with the understanding that, as a matter of law, such termination will result in petitioner’s release with respect to all sentences he currently is serving.

 As per a telephone conversation on September 16, 2005 with Richard De Simone, Esq., associate counsel in charge of sentence review of the New York State Department of Correctional Services.