The People of the State of New York, Appellant,
against
Heriberto Orta, Defendant-Respondent.



The People appeal from an order of the Criminal Court of the City of New York, Bronx County (Armando Montano, J.), dated March 15, 2016, which granted defendant's motion to dismiss the counts of the superseding information charging him with criminal trespass in the third degree and trespass.




Per Curiam.
Order (Armando Montano, J.), dated March 15, 2016, reversed, on the law, motion denied, and the counts of the superseding information charging defendant with criminal trespass in the third degree and trespass are reinstated.
The accusatory instrument was not jurisdictionally defective. Giving the superseding information "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), we find "as a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]) that it was legally sufficient to charge defendant with criminal trespass in the third degree (see Penal Law § 140.10[a]) and trespass (see Penal Law § 140.05). The "knowingly enters or remains unlawfully" element of the underlying charges (see Penal Law § 140.00[5]) was satisfied by the arresting officer's sworn allegation that, in violation of a conspicuously posted sign stating that the specified City park closes "at dusk," defendant was observed entering said park at 8:53 pm on September 14, 2015, after "the sun had set and nightfall had begun" (see People v Lamb, 49 Misc 3d 135[A], 2015 NY Slip Op 51483[U] [App Term, 1st Dept 2015], lv denied 26 NY3d 1089 [2015]). No additional evidentiary details were required for the People's pleading to provide "adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy" (People v Kasse, 22 NY3d 1142, 1143 [2014]).
Criminal Court's conclusion that the word "dusk" is to be interpreted, not in light of its plain meaning, but pursuant to precise astronomical or meteorological definitions of the word - which consider factors such as the number of degrees the geometric center of the sun is below the horizon and whether terrestrial objects are visible under good weather conditions - constitutes a hypertechnical reading of the pleaded facts. An accusatory instrument "must be given a reasonable, not overly technical reading"; courts should "not rely on external factors to create jurisdictional defects not evident from the face of the document" (People v Konieczny, 2 NY3d 569, 576 [2004]).
In view of our determination, we reach no other issues.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 18, 2016