The People of the State of New York, Respondent,
against
Anthony Phillips, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Lyle E. Frank, J.), rendered November 28, 2016, convicting him, upon his plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgement of conviction (Lyle E. Frank, J.), rendered November 28, 2016, affirmed.
The misdemeanor complaint was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant committed the offense of fraudulent accosting (see Penal Law § 165.30). The instrument recited that defendant approached an undercover police officer in a public park and offered to sell him tickets "for a water taxi tour to the Statue of Liberty in exchange for $31;" that the tickets "indicated that the tour was given by 'Hornblower Tours'"; and that the officer knew, based on his training and experience, that the tour referenced by defendant "does not stop at the Statute of Liberty." For purposes of our threshold, pleading-stage inquiry, defendant's intent to defraud (see William C. Donnino, Supplementary Practice Commentary, McKinney's Cons. Laws of NY, Book 39, Penal Law § 15.00) may be inferred from his conduct and the surrounding circumstances (see People v Gordon, 23 NY3d 643, 650 [2014]; People v Lewis, 56 Misc 3d 126[A], 2017 NY Slip Op 50800[U] [App Term, 1st Dept 2017], lv denied 30 NY3d 951 [2017]; People v Holland, 41 Misc 3d 134[A], 2013 NY Slip Op 51864[U] [App Term, 1st Dept 2013], lv denied 22 NY3d 1139 [2014]). Defendant's contention that he misspoke or used imprecise language was a matter to be raised as a defense to the charge, not by insistence that the instrument was jurisdictionally defective (see People v Konieczny, 2 NY3d 569, 577 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 15, 2018