The People of the State of New York, Respondent, 
against
Shawn Willis, Appellant.




New York City Legal Aid Society (Arthur H. Hopkirk of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Mario F. Mattei, J.), rendered July 15, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of marihuana in the fifth degree and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, and, as a matter of discretion in the interest of justice, the accusatory instrument is dismissed.
Defendant was charged in an accusatory instrument with criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]) and unlawful possession of marihuana (Penal Law § 221.05). In an accompanying supporting deposition, executed by a police officer, it was alleged that, on December 30, 2013, at 7:13 p.m., at "r/o" (presumably, "rear of") 225 Park Hill Avenue, in Richmond County, he observed defendant to be in possession of a lit marihuana cigarette, which he had "in his left hand up to his mouth in public view." The marihuana was "open to public view" and "burning." Upon the lawful arrest of defendant, the officer also observed defendant to be in possession of six clear bags of marihuana, which were in the pockets of his shorts. On July 15, 2014, after waiving his right to prosecution by information, defendant pleaded guilty to criminal possession of marihuana in the fifth degree in satisfaction of the accusatory instrument, and was sentenced to a conditional discharge. On appeal, defendant contends that the count to which he pleaded guilty was facially insufficient since the accusatory [*2]instrument failed to allege facts of an evidentiary character to support the "public place" element of the offense (see Penal Law §§ 221.10 [1]; 240.00 [1]). 
As defendant expressly waived prosecution by information, the accusatory instrument's legal sufficiency must be evaluated under the standards which govern that of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 524 [2014]), which is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]) and provides reasonable cause to believe that the defendant committed the crime charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]). The facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Lucas, 11 NY3d 218, 220 [2008]; People v Konieczny, 2 NY3d 569, 573 [2004]). Nonetheless, while the law does not require that the accusatory instrument contain precise words or phrases most clearly expressing the charge, the crime and the factual basis therefor must be sufficiently alleged (see Konieczny, 2 NY3d at 575). Consequently, while the factual allegations in support thereof "should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), they must also suffice to "give an accused notice sufficient to prepare a defense and . . . [be] adequately detailed to prevent a defendant from being tried twice for the same offense" (Casey, 95 NY2d at 360; see also Konieczny, 2 NY3d at 575). 
Pursuant to Penal Law § 221.10 (1), a person is guilty of criminal possession of marihuana in the fifth degree when he knowingly and unlawfully possesses marihuana in a public place—defined in Penal Law § 240.00 (1) as a place to which the public or a substantial group of persons has access—and such marihuana is burning or open to public view. It has been held that an accusatory instrument charging a defendant with criminal possession of marihuana in the fifth degree in violation of Penal Law § 221.10 (1) must plead, among other things, "the public nature of [the] defendant's location," for example, "by alleging that he was standing on a sidewalk or in a park," when the defendant possessed the marihuana, thereby describing a location within the definition of Penal Law § 240.00 (1) more precisely (People v Afilal, 26 NY3d 1050, 1052 [2015]; see People v Cruz, 52 Misc 3d 81 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016] [finding an accusatory instrument which charged the defendant with possessing marihuana in front of a specific address to be facially insufficient]). Here, the allegation that defendant possessed marihuana at "r/o" (presumably, "rear of") a stated address fails to plead, with the required specificity, the public nature of defendant's location (see Afilal, 26 NY3d at 1052; People v Brown, 54 Misc 3d 138[A], 2017 NY Slip Op 50143[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Cruz, 52 Misc 3d 81; People v Walters, 49 Misc 3d 134[A], 2015 NY Slip Op 51463[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), and, thus, that count of the accusatory instrument was facially insufficient.
There would be little penological purpose to remitting the case for further proceedings on the remaining count of the accusatory instrument, unlawful possession of marihuana (see CPL 470.55 [2]), since that count is a violation and defendant has already served his sentence (see Walters, 49 Misc 3d 134[A], 2015 NY Slip Op 51463[U]). Consequently, as a matter of discretion in the interest of justice, we dismiss the entire accusatory instrument (see People v Hightower, 18 NY3d 249 [2011]; Dreyden, 15 NY3d 100; but see People v Lamb, 49 Misc 3d 135[A], 2015 NY Slip Op 51483[U] [App Term, 1st Dept 2015], lv denied 26 NY3d 1089 [*3][2015]).
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
ALIOTTA, J.P., PESCE and WESTON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 01, 2019