The People of the State of New York, Respondent, 
against
Jeffrey Rodney, Appellant.




New York City Legal Aid Society (Charli K. Cleland and Lawrence T. Hausman of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Marie John-Drigo of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Marguerite S. Dougherty, J.), rendered January 15, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of marihuana in the fifth degree.




ORDERED that the judgment of conviction is reversed, on the law, and, as a matter of discretion in the interest of justice, the accusatory instrument is dismissed.
Defendant was charged in an accusatory instrument with criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]) and two counts of unlawful possession of marihuana (Penal Law § 221.05). Insofar as is relevant to this appeal, the accusatory instrument alleged that the complainant had been informed by a police officer's supporting deposition that, at approximately 9:13 p.m., at 247 Parkside Avenue in Kings County, "which was public," the police officer had observed defendant in possession of a quantity of marihuana that was burning and visible to passersby, in that the informant had observed a marihuana cigarette in defendant's hand and recovered that marihuana cigarette from the pocket of defendant's pants. At defendant's arraignment, after waiving his right to prosecution by information, he pleaded guilty to criminal possession of marihuana in the fifth degree in satisfaction of the accusatory instrument, and was sentenced to time served. On appeal, defendant contends that the count to which he pleaded guilty was facially insufficient since the accusatory instrument failed to allege facts of an evidentiary character to support the public place element of the offense (see Penal Law §§ 221.10 [1]; 240.00 [1]).
The facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Lucas, 11 NY3d 218, 220 [2008]; People v Konieczny, 2 NY3d 569, 573 [2004]). Here, since defendant expressly waived prosecution by information, the accusatory instrument must be evaluated under the standards which govern that of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 524 [2014]), which is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charges (see CPL 100.15 [3]; 100.40 [4] [a]) and provides reasonable cause to believe that the defendant committed the offenses charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]). The offenses and the factual bases therefor must be sufficiently alleged (see Konieczny, 2 NY3d at 575); however, the law does not require that the accusatory instrument use the most precise words or phrases most clearly expressing the charges. "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; see Konieczny, 2 NY3d at 575).
Pursuant to Penal Law § 221.10 (1), "[a] person is guilty of criminal possession of marihuana in the fifth degree when he knowingly and unlawfully possesses . . . marihuana in a public place, as defined in [Penal Law] section 240.00 . . . and such marihuana is burning or open to public view." Penal Law § 240.00 (1) defines "public place" as "a place to which the public or a substantial group of persons has access."
It has been held that an accusatory instrument charging a defendant with criminal possession of marihuana in the fifth degree in violation of Penal Law § 221.10 (1) must plead, among other things, "the public nature of [the] defendant's location," for example, "by alleging that he was standing on a sidewalk or in a park," when the defendant possessed the marihuana, thereby describing a location within the definition of Penal Law § 240.00 (1) more precisely (People v Afilal, 26 NY3d 1050, 1052 [2015]; see People v Cruz, 52 Misc 3d 81 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016] [finding an accusatory instrument which charged the defendant with possessing marihuana in front of a specific address to be facially insufficient]). Thus, here, the allegation that defendant possessed marihuana at a stated address, "which was public," simply tracks the language of Penal Law § 221.10 (1) and fails to plead, with the required specificity, the public nature of defendant's location (see Afilal, 26 NY3d at 1052; People v Brown, 54 Misc 3d 138[A], 2017 NY Slip Op 50143[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017; Cruz, 52 Misc 3d 81; People v Walters, 49 Misc 3d 134[A], 2015 NY Slip Op 51463[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015] [finding an accusatory instrument which charged the defendant with possessing marihuana at a specific address, which was described as a public place open to public view, to be facially insufficient]).
There would be little penological purpose to remitting the case for further proceedings on the remaining counts of the accusatory instrument (see CPL 470.55 [2]), two counts of unlawful possession of marihuana, since those counts are violations and defendant has already served his sentence (see Walters, 49 Misc 3d 134[A], 2015 NY Slip Op 51463[U]). Consequently, as a matter of discretion in the interest of justice, we dismiss the entire accusatory instrument (see People v Hightower, 18 NY3d 249 [2011]; People v Dreyden, 15 NY3d 100 [2010]; but see [*2]People v Lamb, 49 Misc 3d 135[A], 2015 NY Slip Op 51483[U] [App Term, 1st Dept 2015], lv denied 26 NY3d 1089 [2015]).
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 29, 2019