The People of the State of New York, Respondent,
against
Felix Arnaud, Appellant. 




New York City Legal Aid Society (Shahar Azoulay of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Kathryn E. Mullen of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Elisa S. Koenderman, J.), rendered June 28, 2016. The judgment convicted defendant, upon his plea of guilty, of disorderly conduct, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
After waiving prosecution by information, defendant pleaded guilty to the uncharged offense of disorderly conduct, a violation (Penal Law § 240.20), in satisfaction of an accusatory instrument which charged him with criminal contempt in the second degree, a class A misdemeanor (Penal Law § 215.50 [3]), and harassment in the second degree, a violation (Penal Law § 240.26 [3]). The accusatory instrument, executed and sworn to by a detective, alleged that the detective had been informed by the complainant that, on a specified date, at a specified time and place, defendant had sent the complainant by text message a video of his genitals, and had called her several times from a blocked number, stating, in sum and substance, "tell your father to watch out," which actions had caused the complainant annoyance and alarm. Additionally, the accusatory instrument alleged that the detective had reviewed an order of protection that had been issued on behalf of the complainant in Criminal Court, Queens County, on September 21, 2015, which was in effect until September 20, 2017 and which stated, among other things, that defendant was "to refrain from assaulting, stalking, harassment, menacing, reckless endangerment, disorderly conduct, intimidation, threats, or any other criminal offense against" her. The accusatory instrument also alleged that defendant was aware of the order of protection, as evidenced by the fact that he had been advised of the contents of the order in court and that he [*2]had been personally served with a copy of the order in court. Along with the accusatory instrument, the People served and filed the underlying order of protection, which had been issued pursuant to CPL 530.12 ("Protection for victims of family offenses"),[FN1]
and a supporting [*3]deposition by the complainant, in which she attested that all of the facts stated in the accusatory instrument to have been based upon information furnished by her were true, based upon her personal knowledge. On appeal, defendant challenges the facial sufficiency of both counts charged in the accusatory instrument. 

"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see also People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Here, since defendant expressly waived the right to be prosecuted by information, the relevant counts of the accusatory instrument must be evaluated under the standards that govern a misdemeanor complaint (see Dumay, 23 NY3d at 524; see also CPL 100.15, 100.40 [4]; People v Dumas, 68 NY2d 729, 731 [1986]). While the law does not require that the accusatory instrument contain the most precise words or phrases most clearly expressing the charges, the offense and factual bases therefor must be sufficiently alleged (see Konieczny, 2 NY3d at 575). "So long as the factual allegations of an [accusatory instrument] give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; see Konieczny, 2 NY3d at 575). 

Here, defendant pleaded guilty to disorderly conduct, a violation which was not charged in the accusatory instrument, and which did not constitute a lesser included offense of the counts charged therein. To warrant a reversal of the judgment of conviction and a dismissal of the accusatory instrument, defendant's jurisdictional challenge to the facial sufficiency of the instrument has to successfully challenge the facial sufficiency of both counts charged therein, one being a charge of higher grade (i.e., criminal contempt in the second degree) (see People v Mason, 62 Misc 3d 75, 77 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]), and the other being a charge of equal grade (i.e., harassment in the second degree) (see People v Perez, 64 Misc 3d 84, 91 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).

The essential elements of the crime of criminal contempt in the second degree, pursuant to Penal Law § 215.50 (3), are that a lawful order of the court was in effect, that defendant had knowledge of the order, and that defendant intentionally disobeyed it (see Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]; Matter of Holtzman v Beatty, 97 AD2d 79 [1983]; People v Martin, 52 Misc 3d 140[A], 2016 NY Slip Op 51166[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). For the purposes of this statute, a defendant has knowledge of an order when he or she has been duly served with the order or was present in court when it was issued. Thus, here, the accusatory instrument sufficiently alleged that a lawful order of the court was in effect and that defendant had knowledge of that order. Additionally, despite defendant's contention to the contrary, the accusatory instrument provided sufficient factual allegations demonstrating how the order of protection had been violated. Consequently, the count charging defendant with criminal contempt in the second degree was facially sufficient (see People v Contreras, 58 Misc 3d 132[A], 2017 NY Slip Op 51776[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).

Accordingly, the judgment of conviction is affirmed.

PESCE, P.J., ELLIOT and SIEGAL, JJ., concur.



ENTER:

Paul Kenny

Chief Clerk

Decision Date: December 13, 2019



Footnotes

Footnote 1: Pursuant to CPL 530.12 (1), "[w]hen a criminal action is pending involving a complaint charging any crime or violation between spouses, former spouses, parent and child, or between members of the same family or household, as members of the same family or household are defined in subdivision one of section 530.11 of this article, the court, in addition to any other powers conferred upon it by this chapter may issue a temporary order of protection in conjunction with any securing order committing the defendant to the custody of the sheriff or as a condition of any order of recognizance or bail or an adjournment in contemplation of dismissal." Additionally, with respect to a proceeding in the criminal courts, CPL 530.11 (1) provides that "members of the same family or household" shall mean the following:
~~"(a) persons related by consanguinity or affinity;
~~(b) persons legally married to one another;
~~(c) persons formerly married to one another regardless of whether they still reside in the same household;
~~(d) persons who have a child in common, regardless of whether such persons have been married or have lived together at any time; and
~~(e) persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time."