People v Jean-Baptiste (2020 NY Slip Op 51129(U))

[*1]

People v Jean-Baptiste (Evans)

2020 NY Slip Op 51129(U) [69 Misc 3d 128(A)]

Decided on October 2, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 2, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2017-1866 Q CR

The People of the State of New York,
Respondent, 
against
Evans Jean-Baptiste, Appellant. 

New York City Legal Aid Society (Laura Lieberman Cohen of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick
Talcott and Antara D. Kanth of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Peter F. Vallone, Jr., J.), rendered February 2, 2017. The judgment convicted defendant, upon
his plea of guilty, of failure to provide proper sustenance to an animal, and imposed
sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an information with five counts of failing to provide proper
sustenance to an animal in violation of Agriculture and Markets Law § 353. The factual
portion of the information contains allegations that defendant's five dogs were "extremely
emaciated, such that their bones were visible through their skin," that defendant admitted
ownership of the dogs and that he had been living at the premises where the alleged violation
occurred. At a plea proceeding, defendant waived prosecution by information and pleaded guilty
to one count of failure to provide proper sustenance to an animal in full satisfaction of the
charges. On appeal, defendant contends that the information is jurisdictionally defective.
The facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which
is not forfeited by a defendant's guilty plea (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569,
573 [2004]). Here, since defendant expressly waived the right to be prosecuted by information,
the relevant count of the accusatory instrument must be evaluated under the standards that govern
a misdemeanor complaint (see People v
Dumay, 23 NY3d 518, 524 [2014]; see also CPL 100.15, 100.40 [4]; People
v Dumas, 68 NY2d 729, 731 [1986]). While the law does not require that the accusatory
instrument contain the most precise words or phrases most clearly expressing the charges, the
offense and factual bases therefor must be sufficiently alleged (see People v Konieczny, 2
NY3d at 575). "So long as the factual allegations of an [accusatory instrument] give an accused
notice sufficient to prepare a defense [*2]and are adequately
detailed to prevent a defendant from being tried twice for the same offense, they should be given
a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360
[2000]; see Konieczny, 2 NY3d at 575).
A violation of Agriculture and Markets Law § 353 is established upon proof that a
defendant was entrusted with the care of an animal and that the animal was not being provided
with necessary sustenance, food or drink (see People v Neira, 55 Misc 3d 149[A], 2017 NY Slip Op
50729[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Richardson, 15 Misc 3d
138[A], 2007 NY Slip Op 50934[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]).
Here, the factual allegations in the accusatory instrument provide reasonable cause to believe that
defendant failed to provide proper sustenance to his dogs, as the factual allegations establish that
the dogs' bones were protruding from their skin, and the dogs were described as being "extremely
emaciated." Thus, the accusatory instrument is legally sufficient.
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 2, 2020