People v Obando (2020 NY Slip Op 51540(U))

[*1]

People v Obando (Henry)

2020 NY Slip Op 51540(U) [70 Misc 3d 130(A)]

Decided on December 24, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 24, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

570372/18

The People of the State of New York,
Respondent,
against
Henry Obando, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Myrna Socorro, J.), rendered April 27, 2018, convicting him, upon a plea of guilty, of
disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Myrna Socorro, J.), rendered April 27, 2018, affirmed.
The misdemeanor information was not jurisdictionally defective. The factual allegations
establish "every element" of the offenses charged, including petit larceny and criminal possession
of stolen property in the fifth degree, and "defendant's commission thereof" (CPL 100.40[1][c]).
The instrument recited that on August 1, 2017 at approximately 10:50 a.m., in front of a specified
Bronx County street address, defendant was observed via video surveillance "remov[ing] and
tak[ing] the passenger side mirror" from complainant's vehicle, without permission or authority
from complainant, the vehicle's "lawful custodian." These allegations provided adequate notice to
enable defendant to prepare a defense and avoid double jeopardy (see People v Casey, 95
NY2d 354, 360 [2000]). Contrary to defendant's primary contention, any question whether he
was the individual viewed on the surveillance footage was a matter that could have been raised at
trial, not by insistence that the information was jurisdictionally defective (see People v
Konieczny, 2 NY3d 569, 577 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 24, 2020