People v Sanabria (2023 NY Slip Op 50989(U))

[*1]

People v Sanabria (Ramon)

2023 NY Slip Op 50989(U)

Decided on September 21, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 21, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, James, JJ.

570179/19 The People of the State of New York, Respondent,
against
Ramon Sanabria, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Laurence E. Busching, J.), rendered January 18, 2019, convicting him, upon a plea of guilty, of criminal trespass in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Laurence E. Busching, J.), rendered January 18, 2019, affirmed.
Since defendant waived his right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument charging criminal trespass in the second degree (see Penal Law § 140.15[1]) was jurisdictionally valid. The instrument recited that defendant was observed "crouched down in a closet" inside of an apartment whose "door was cracked," and the door handle was "hanging off the door"; that the door was "previously observed ... to have no damage"; and that defendant had no "permission or authority to enter" the apartment. These facts provided reasonable cause to believe that defendant knowingly entered or remained unlawfully in a dwelling (see Penal Law § 140.15[1])
Contrary to defendant's contention, the informant security guard's identification of the defendant as the perpetrator was based upon her personal observation of the defendant inside the apartment and was nonconclusory. Any further challenge to the identification of defendant was a matter to be raised at trial, not by insistence that the instrument was jurisdictionally defective (see People v Konieczny, 2 NY3d 569, 577 [2004]; People v Roldan, 71 Misc 3d 135[A], 2021 NY Slip Op 50426[U][App Term, 1st Dept 2021], leave denied 37 NY3d 995 [2021]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 21, 2023