People v Morban (2025 NY Slip Op 50710(U))

[*1]

People v Morban

2025 NY Slip Op 50710(U)

Decided on May 1, 2025

Criminal Court Of The City Of New York, New York County

Brown, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 1, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York,

against
Richard Morban, Defendant.

Docket No. CR-028245-24NY

Defense Attorney, Jen Neuman The Legal Aid Society
Assistant District Attorney Jaclyn Yoselevich, New York County District Attorney's Office

Marva C. Brown, J.

Richard Morban, herein after "defendant," is charged with one count of attempted grand larceny in the fourth degree (PL 110/155.30[6]), one count of aggravated harassment in the second degree (PL 240.30[1][a]), and one count of attempted petit larceny (PL 110/155.25). By Notice of Motion to Dismiss, dated March 21, 2025, defense counsel moves to dismiss the accusatory instrument for facial sufficiency pursuant to Criminal Procedure Law §§ 100.40, 170.30, 170.35 and 30.30. The defendant's sole contention is that the charge of attempted grand larceny in the fourth degree is facially insufficient. The People responded on April 4, 2025, and the defense replied on April 11, 2025. 
Upon review of the submissions, the Court file and relevant legal authority, the defendant's motion to dismiss the accusatory instrument based on facial insufficiency is DENIED. 
 FACIAL SUFFICIENCY
An accusatory instrument must allege "facts of an evidentiary character supporting or tending to support the charges (CPL 100.15[3]). The factual allegations in the information, together with any supporting depositions which may accompany it, must provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of such instrument (CPL 100.40[1][b] and 100.40[4][b]). "Reasonable cause to believe that a person has committed an offense" exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it (CPL 70.10[2]). This standard does not require that the accusatory instrument alleges facts that would prove defendant's guilt beyond a reasonable doubt as required at trial (see People v Henderson, 92 NY2d 677, 680 [1999]). A court reviewing for facial sufficiency must assume that the factual allegations contained in the accusatory instrument are true and must consider all reasonable inferences that may be drawn from them (see CPL §§ 100.40, 100.15; People v Jackson, 18 NY3d 738, 747 [2012]; People v. Konieczny, 2 NY3d 569, 575 [2004]).
Here, the superseding accusatory instrument ("SSI") charges alleged conduct by the defendant on or about August 28, 2024, at about 9:32 AM, inside 441 Broadway. The accusatory instrument is sworn to by Ryan Leslie and states as follows:
I received emails from cotorrabacano&commat;gmail.com requiring $20,000 from me or the defendant will "escalate the situation by forwarding all the chats that incriminate Steve Masetti for disclosing trade secrets and proprietary information to James Scott group directly to every EVP at Frank." I observed that the email contained a phone number (510)850-7447 to Zelle the money to. I further received multiple text messages from the number (510) 850-7447 requiring me to send $20,000 and that the defendant is good at making people pay him. I know the above-described phone number belongs to the defendant because the defendant was contracted with my prior companies in the past and I know the defendant's contact information.
I am the custodian of the above-described money and the defendant did not have permission or authority to request the money.
The defendant's above-described conduct caused me to feel harassed and concerned for my physical safety.
The instant SSI charges the defendant with a count of attempted grand larceny in the fourth degree (PL 110/155.30[6]). A person is guilty of grand larceny in the fourth degree when he steals property and when the property, regardless of its nature and value, is obtained by extortion (PL 155.30[6]). PL 155.05(e) defines extortion as:
A person obtains property by extortion when he compels or induces another person to deliver such property to himself or to a third person by means of instilling in him a fear that, if the property is not so delivered, the actor or another will:
(i) Cause physical injury to some person in the future; or
(ii) Cause damage to property; or
(iii) Engage in other conduct constituting a crime; or
(iv) Accuse some person of a crime or cause criminal charges or removal proceedings to be instituted against him or her; or
(v) Expose a secret or publicize an asserted fact, whether true or false, tending to subject some person to hatred, contempt or ridicule; or
(vi) Cause a strike, boycott or other collective labor group action injurious to some person's business; except that such a threat shall not be deemed extortion when the property is demanded or received for the benefit of the group in whose interest the actor purports to act; or
(vii) Testify or provide information or withhold testimony or information with respect to another's legal claim or defense; or
(viii) Use or abuse his position as a public servant by performing some act within or related to his official duties, or by failing or refusing to perform an official duty, in such manner as to affect some person adversely; or
(ix) Perform any other act which would not in itself materially benefit the actor but which is calculated to harm another person materially with respect to his health, safety, business, calling, career, financial condition, reputation or personal relationships.
"[F]ear of economic loss or harm satisfies the ingredient of fear necessary to [extortion]" [*2](People v Dioguardi, 8 NY2d 260, 268 [1960]). "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime" (PL 110.00) (emphasis added). As such, "[t]he actual causing of fear in the mind of the victim should not be a required element of the crime of attempted extortion" (People v Kacer, 113 Misc 2d 338, 345 [Sup Ct, NY County 1982]). 

This court finds that the charge of attempted grand larceny in the fourth degree by extortion is facially sufficient. The defendant is alleged to have sent emails and multiple text messages demanding $20,000, or else the defendant would forward incriminating chats to third parties. The defendant also indicated in these correspondences with the complainant that he was "good at making people pay him" (see People v Phue, 290 AD2d 361, 362 [1st Dept 2002] ["[t]he extortion statute may be satisfied by a threat conveyed through innuendo or suggestion"], citing Dioguardi, 8 NY2d at 269—270). The complainant indicates that the defendant did not have permission to request this money, and that the defendant's conduct caused him to feel harassed and concerned. These allegations, if true, provide reasonable cause to believe that the defendant attempted to obtain money from the complainant by making the complainant fear that he would "[e]xpose a secret or publicize an asserted fact" that would tend to subject some person [Steve Masetti] to hatred, contempt or ridicule (PL 155.05[e][v]). There is also reasonable cause to believe that the defendant's threat to "escalate the situation by forwarding all the chats that incriminate Steve Masetti for disclosing trade secrets and proprietary information to James Scott group directly to every EVP at Frank" constitutes an act calculated to harm another person with respect to that person's "business, calling, career, financial condition, reputation or personal relationships" (PL 155.05[e][ix]). 
The cases cited by the defense do not persuade this court otherwise. First, People v Forde, 153 AD2d 466 (1st Dept 1990), actually supports the sufficiency of the instant accusatory instrument. Forde does not, as argued by the defense, stand for the proposition that the factual allegations must "provide context to explain how the defendant's threat would result in a material harm" (Def. Mot. at p. 8). First, the defendant in Forde was charged with the completed crime of grand larceny in the second degree by extortion, not the attempt. Additionally, in Forde, the defendant's threat to the complainant was not explicit, rather, the complainant testified that it was "implied" through his conduct. Even under those circumstances, the court upheld the sufficiency of the evidence stating "the use of precise words are not necessary to convey a threat, which constitutes a crime, since innuendo or suggestion may be sufficient, if, based upon the circumstances and the relationship between the parties, the purport and natural effect of the innuendo or suggestion is found to convey a threat, and, then the form of the words are unimportant" (id. at 471). Here, the defendant's threat was not "innuendo or suggestion" and, instead, was clear — you give me $20,000 or I will disseminate damaging information.[FN1]
Therefore, context as to how the defendant's explicit threat would result in material harm is [*3]completely unnecessary to establish reasonable cause. 
The defense also cites to People v Homsey, 90 Misc 2d 1006 (County Court, Albany County 1977). Even if this case were binding, it is irrelevant to the instant case. In Homsey, the defendant was accused of threatening to mail "compromising photographs" of the complaining witness to her father and to her school unless he was paid cash (Homsey, 90 Misc 2d at 1007). The complainant called the police, who later witnessed the defendant trading a photograph for cash from the complainant. The complainant testified in the Grand Jury that she would have been embarrassed and subjected to ridicule if the photographs were sent to her school or to her father, but the photographs themselves were never shown to the Grand Jury (id.). The court dismissed the indictment and held that the complainant's subjective claim that she would have been embarrassed and subjected to ridicule if the photos were sent was conclusory on its own (id. at 1009). That is not the case here, where the content of the emails and texts sent was included in the SSI. Further, the content of those texts and emails evinces that the defendant "engage[d] in conduct which tend[ed] to effect the commission" of grand larceny by extortion (PL 110.00). 
Similarly, People v Garcia, Docket No 2012QN051398 (Crim Ct, Queens County 2012), cited by the defense, is also inapplicable to the facts at hand. In Garcia, the defendant was charged with the completed act of coercion in the second degree. The allegations were that the defendant took a video game console worth $650 from the complainant's son's backpack, and threatened the complainant that he would not return it unless the complainant wrote a letter to a family court judge that he had paid $3,000 in child support. The court found the accusatory instrument to be facially insufficient for failing to allege that the complainant actually wrote the letter based on the defendant's threat. However, here, the defendant is not charged with the completed act of grand larceny but instead he stands charged with attempted grand larceny in the fourth degree by extortion. As such, there is no such requirement that the complainant actually take action based on the defendant's threats. Additionally, the defense cites Garcia to argue that the instant accusatory instrument fails to allege that the defendant's threatened actions if the complainant failed to pay the $20,000 "would not in itself materially benefit" the defendant. In Garcia, the court explained that the result of the complainant's inaction on the defendant's threat would result in him possessing a video game machine worth $650. However, here, the defendant would not materially benefit at all (i.e. not receive any money) if the complainant failed to act on the defendant's threat.
In sum, the factual allegations here are facially sufficient and give the defendant "sufficient notice to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense" (People v Casey, 95 NY2d at 360; see People v Argon, 28 NY3d 125, 128 [2016]; People v Konieczny, 2 NY3d 569, 576 [2004]; People v Smalls, 26 NY3d 1064 [2015]; People v Kalin, 12 NY3d 225, 230 [2009]). Therefore, the defense's motion to dismiss for facial sufficiency is denied.

SPEEDY TRIAL
Pursuant to CPL 30.30[1][b], when a defendant is charged with a misdemeanor punishable by a sentence of more than three months, the prosecution must be ready within 90 days from the commencement of that criminal action. To satisfy the initial burden under CPL 30.30, the defendant need allege "only that the prosecution failed to declare readiness within the statutorily prescribed time period" (People v Luperon, 85 NY2d 71, 77-78 (1995); see also People v Goode, 87 NY2d 1045, 1047 [1996]). Once the defendant has alleged that more than [*4]the statutorily prescribed time period has elapsed since the commencement of the action, the prosecution bears the burden of establishing sufficient excludable delay (see People v Berkowitz, 50 NY2d 333, 349 [1980]). 
This case was filed, and the defendant was arraigned on September 25, 2024.[FN2]
The People correctly concede that the time from the defendant's arraignment to the time they filed their Certificate of Compliance (COC) and Certification of Readiness (COR) on December 24, 2024, is chargeable. (90 days charged). Since filing their COC and COR, the People have been ready on each subsequent adjourn date, and any adjournments were either requested by the defense or were for motion practice. The defenses' only arguments to include these otherwise excludable adjournments were based on the sufficiency of the instant accusatory instrument. Since this court has found this instrument to be facially sufficient, this court finds no additional chargeable speedy trial time.
As only 90 days of chargeable days have accrued for this case, defense counsel's motion to dismiss is DENIED. This constitutes the Decision and Order of this Court.
Dated: May 1, 2025
HON. MARVA C. BROWN, JCC

Footnotes

Footnote 1:This is also the reason why People v Cannata, also cited by the defense and which concerns unspecified political threats, is completely inapplicable to the instant case (People v Cannata, 77 Misc 3d 1204[A] [Crim Ct, Mounty Vernon 2021] ["the Court finds that due to the political nature of the exchange herein, it was not legally sufficient to charge defendant with two counts of Attempted Coercion in the Second Degree pursuant to PL 135.60(5) & (9)"]) (emphasis added).

Footnote 2:The People incorrectly claim that the defendant was arraigned on September 26, 2024. However, the court file indicates that this case was filed, and the defendant was arraigned in Part AR3A on September 25, 2024.