People v Henriquez (2021 NY Slip Op 50875(U))

[*1]

People v Henriquez (Hiendy)

2021 NY Slip Op 50875(U) [73 Misc 3d 126(A)]

Decided on May 27, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 27, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, HELEN
VOUTSINAS, JJ

2019-949 N CR

The People of the State of New York,
Respondent,
against
Hiendy Henriquez, Appellant. 

Andrew E. MacAskill, for appellant.
Nassau County District Attorney (Cristin N. Connell and Madeline Collins of counsel), for
respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Howard T.
Code, J.), rendered May 30, 2019. The judgment convicted defendant, upon her plea of guilty, of
aggravated unlicensed operation of a motor vehicle in the second degree, and imposed
sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with operating a motor vehicle without
an interlock device (Vehicle and Traffic Law § 1198 [7] [a]), criminal possession of
marihuana in the fifth degree (Penal Law § 221.10 [1]) and two counts of aggravated
unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law §
511 [2] [a] [ii], [iv]). 
According to the accusatory instrument, the deponent police officer "observed [] defendant . .
. seated in the driver's seat of a [parked] white 2013 Audi . . . with the key in the ignition," along
with a separately charged other who was seated in the front passenger seat. As he approached, the
officer saw "white smoke in the vehicle" and detected the "odor of marijuana emanating from the
vehicle's open windows. . . . [D]efendant turn[ed] the key in the ignition to the off position,
pull[ed] it out of the ignition and through [sic] it on the driver's side floorboard." The officer also
"observed a clear plastic bag containing a greenish brown vegetation [sic] believed to be
marijuana in plain view on the passenger side floorboard of the vehicle and a [*2]burning brown paper cigarette containing a greenish brown
vegetation [sic] believed to be marijuana in the center console ash tray." It was further alleged in
the accusatory instrument that defendant told the officer that her "license is bad; I don't have
one"; "It's just weed Officer; we were just smoking"; and "I drove the car here to hide it from the
bank." Also according to the accusatory instrument, the officer learned, from a computer check
of the New York State Department of Motor Vehicles (DMV), that defendant "has a revoked
license with 11 suspensions, 7 on 7 dates and she has an interlock device restriction on her
license."
On April 17, 2019, according to the terms of a negotiated plea agreement that included a
waiver of the right to appeal, defendant pleaded guilty to aggravated unlicensed operation of a
motor vehicle in the second degree in satisfaction of the docket. She was sentenced immediately
after her plea was accepted by the District Court.
Preliminarily, the guilty plea in this case does "not forfeit [] defendant's right to challenge the
facial sufficiency of the accusatory instrument, i.e., to argue that it is jurisdictionally defective,
even if raised for the first time on appeal" (People v Mason, 62 Misc 3d 75, 77 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2019]; see People
v Konieczny, 2 NY3d 569, 573 [2004]; People v Taylor, 65 NY2d 1, 5 [1985];
People v Case, 42 NY2d 98 [1977]). Moreover, a valid waiver of appeal does not bar an
appellate court from considering a defendant's facial insufficiency claim, as a "valid and
sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal
prosecution" (People v Smalls, 26
NY3d 1064, 1066 [2015] [internal quotation marks omitted]).
As defendant did not waive her right to be prosecuted by information, the facial sufficiency
of the instrument must be evaluated under the standards applicable to an information (see
CPL 100.10 [1]; 100.15, 100.40 [1]; 170.65 [1], [3]; People v Kalin, 12 NY3d 225, 228 [2009]; People v Moore, 48 Misc 3d
143[A], 2015 NY Slip Op 51337[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2015]). "So long as the factual allegations of an information give an accused notice sufficient to
prepare a defense and are adequately detailed to prevent a defendant from being tried twice for
the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Ocasio, 28 NY3d 178,
180 [2016] [internal quotation marks omitted]).
The charge to which defendant pleaded guilty is facially sufficient. Defendant's purported
admissions to the deponent police officer that her "license is bad; I don't have one" and that she
"drove the car here to hide it from the bank," satisfy, respectively, the "unlicensed" and
"operation" elements of the pleaded-to charge of aggravated unlicensed operation of a motor
vehicle in the second degree (see People
v Suber, 19 NY3d 247, 254 [2012]). Although the DMV information cited in the
accusatory instrument is hearsay, defendant's guilty plea constituted a waiver on appeal of any
hearsay defect claims, which are not jurisdictional (see People v Keizer, 100 NY2d 114,
123 [2003]). Also, from defendant's admissions, it is reasonable to infer that she had driven upon
a public highway, which encompasses "[a]ny highway, road, street, avenue, alley, public place,
public driveway or any other public way" (Vehicle and Traffic Law § 134).
Defendant's appeal waiver is infirm. The court "failed to advise . . . defendant that [s]he
would ordinarily retain the right to appeal even after pleading guilty, but that in this case [s]he
was being asked to voluntarily relinquish that right as a condition of the plea agreement" (People [*3]v Mojica, 178 AD3d 856, 856-857 [2019]; see People v Thomas, 34 NY3d
545, 557-563 [2019] [discussing the history of New York jurisprudence concerning waivers
of appeal in criminal cases, and affirming the already-established preconditions to enforceability
of such a wavier]). As such, "the record does not demonstrate that . . . defendant understood the
nature of the right [s]he was being asked to waive or the distinction between the right to appeal
and the other trial rights which are forfeited incident to a plea of guilty" (People v Harris, 175 AD3d 1555,
1557 [2019]). Consequently, there exists no procedural impediment to this court reviewing
defendant's final contention on appeal, namely, that her plea was not knowing, voluntary and
intelligent. This argument, however, is without merit.
Prior to entering into the plea, defendant was advised by defense counsel about the possible
collateral consequences of a guilty plea. Defense counsel was with defendant throughout the plea
colloquy. The court explained to defendant, with examples, her rights pursuant to Boykin v
Alabama (395 US 238 [1969]) that she would be waiving with her plea. Therefore, "in view
of the whole colloquy," the District Court's questioning of defendant was adequate, at a
minimum, to ensure that the plea was voluntary, knowing and intelligent, "particularly given this
defendant's background, including [her] extensive experience with the criminal justice system
and multiple prior guilty pleas" (People
v Sanders, 25 NY3d 337, 342 [2015]).
Accordingly, the judgment of conviction is affirmed.
EMERSON, J.P., GARGUILO and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 27, 2021