People v Flores (2021 NY Slip Op 51193(U))

[*1]

People v Flores (David)

2021 NY Slip Op 51193(U) [73 Misc 3d 140(A)]

Decided on December 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2019-1558 P CR

The People of the State of New York,
Respondent,
against
David Flores, Appellant. 

John P. Savoca, for appellant.
Putnam County District Attorney, for respondent (no brief filed).

Appeal from a judgment of the Justice Court of the Town of Southeast, Putnam County
(Gregory Folchetti, J.), rendered March 21, 2019. The judgment convicted defendant, upon his
plea of guilty, of criminal possession of a weapon in the fourth degree. Assigned counsel has
submitted a brief in accordance with Anders v California (386 US 738 [1967]), seeking leave to
withdraw as counsel.

ORDERED that the appeal is held in abeyance, the application by assigned counsel for leave
to withdraw as counsel is granted and new counsel is assigned pursuant to article 18-B of the
County Law to prosecute the appeal;
Steven A. Feldman, Esq.
1129 Northern
Blvd.
Suite 404
Manhasset, NY
11030.
Relieved counsel is directed to turn over all papers in his
possession to the newly assigned counsel. New counsel is directed to serve and file a brief within
90 days after the date of this order and decision. The People may serve and file a respondent's
brief within 21 days after the service upon them of the appellant's brief. Appellant's new counsel,
if so advised, may serve and file a reply brief within seven days after service of the respondent's
brief.
Assigned counsel submitted an Anders brief setting forth the conclusion that there
exist no nonfrivolous issues that could be raised on appeal (see Anders v California, 386
US 738 [*2][1967]). A review of the record, however, reveals at
least two nonfrivolous issues, i.e., (1) whether the charge to which defendant pleaded guilty was
facially sufficient and (2) whether the plea colloquy was infirm, rendering defendant's plea
unknowing, unintelligent or involuntary. We note that, assuming without deciding that the
written waiver of appeal is valid in this case, both these issues are exempt from the waiver (see People v Henriquez, 73 Misc 3d
126[A], 2021 NY Slip Op 50875[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists
2021] [facial insufficiency]; People v Ayala, 55 Misc 3d 150[A], 2017 NY Slip Op
50755[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2017] [plea]).
Accordingly, we hold the appeal in abeyance, grant assigned counsel's application to
withdraw as counsel and assign new counsel to ascertain whether defendant desires to raise the
issues set forth above, and to prosecute the appeal on defendant's behalf with respect to these, or
any other, issues that can be identified.
RUDERMAN, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 9, 2021