People v Flores (2022 NY Slip Op 50431(U))

[*1]

People v Flores (David)

2022 NY Slip Op 50431(U) [75 Misc 3d 130(A)]

Decided on May 24, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 24, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, BARRY E.
WARHIT, JJ

2019-1558 P CR

The People of the State of New York,
Respondent,
against
David Flores, Appellant. 

Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Putnam County District Attorney (David A. Rosenberg of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Southeast, Putnam County
(Gregory Folchetti, J.), rendered March 21, 2019. The judgment convicted defendant, upon his
plea of guilty, of criminal possession of a weapon in the fourth degree, and imposed
sentence.

ORDERED that the judgment of conviction is reversed, on the law, and the accusatory
instrument is dismissed.
Defendant was charged, in separate informations under the same docket number, with,
respectively, criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2])
and criminal possession of a forged instrument in the third degree (Penal Law § 170.20).
Defendant pleaded guilty to criminal possession of a weapon in the fourth degree in satisfaction
of the docket, and was sentenced. The information charging defendant with criminal possession
of a forged instrument in the third degree was dismissed as satisfied under the plea agreement.
Defendant has since completed his sentence. 
On appeal, assigned counsel submitted an Anders brief (see Anders v
California, 386 US 738 [1967]). Upon an independent review of the record, which revealed
that nonfrivolous issues existed, this court held the appeal in abeyance, granted the application by
assigned counsel for leave to withdraw as counsel, and assigned new counsel to prosecute the
appeal (see 73 Misc 3d 140[A], 2021 NY Slip Op 51193[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2021]). New counsel has submitted a brief contending that the accusatory
instrument was facially insufficient and that defendant's plea was involuntary because the Justice
Court both failed to ensure defendant was made aware of the Boykin rights he was
waiving by pleading guilty (see Boykin v Alabama, 395 US 238 [1969]) and failed to
satisfy its duty to inform defendant of the possible immigration consequences pursuant to People v Peque (22 NY3d 168
[2013]).
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite
[*2]to a criminal prosecution" (People v Case, 42 NY2d
98, 99 [1977]; see People v Dumay,
23 NY3d 518, 522 [2014]; People v
Dreyden, 15 NY3d 100, 103 [2010]). Thus, facial insufficiency constitutes a
jurisdictional defect which cannot be forfeited by a defendant's guilty plea (see Dreyden,
15 NY3d at 103; People v
Konieczny, 2 NY3d 569, 573 [2004]). Since defendant here did not waive the right to be
prosecuted by information, the relevant accusatory instrument must be evaluated under the
standards that govern the sufficiency of an information (see CPL 100.15, 100.40 [1]; People v Hatton, 26 NY3d 364,
368 [2015]; People v Kalin, 12
NY3d 225, 228 [2009]).
A "person is guilty of criminal possession of a weapon in the fourth degree when . . . [h]e or
she possesses any . . . imitation pistol . . . with intent to use the same unlawfully against another"
(Penal Law § 265.01 [2]). In this case, the "intent to use . . . unlawfully against another"
(id.) element of this charge is alleged conclusorily. Per the information, the complainant
deputy sheriff only observed the imitation pistol "holstered on [defendant's] side," hardly an
allegation of planned unlawful use, as illustrated by the apparent inability of the deputy sheriff to
suss out what defendant's unlawful intent was. Limited to the "four corners" of this information
(People v Slade, 37 NY3d 127,
137 [2021]; see People v Hardy, 35
NY3d 466, 475 [2020]), we find that the conclusory allegation of unlawful intent renders the
charge insufficiently alleged, requiring reversal of defendant's conviction and dismissal of the
accusatory instrument. Moreover,
"[u]nder the circumstances, since defendant has completed his sentence, we are of
the opinion that no penological purpose would be served in reinstating the prepleading charge of
criminal possession of a forged instrument in the third degree contained in [the separate]
accusatory instrument (see CPL 470.55 [2])" (People v Ali, 66 Misc 3d 139[A],
2020 NY Slip Op 50095[U], *3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2020]).
In view of the foregoing, defendant's other contentions are
rendered moot, and we decline to address them.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is
dismissed.
GARGUILO, P.J., EMERSON and WARHIT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 24, 2022