People v Edwards (2025 NY Slip Op 50632(U))

[*1]

People v Edwards (Jaquan)

2025 NY Slip Op 50632(U)

Decided on April 11, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 11, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., MARINA CORA MUNDY, JOANNE D. QUIÑONES, JJ

2022-743 K CR

The People of the State of New York, Respondent,
against
Jaquan Edwards, Appellant. 

Appellate Advocates (Rebekah Pazmino and Alice Cullina of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Julian Joiris and Melissa Owen of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Elizabeth N. Warin, J., at plea; Jean T. Walsh, J., at sentence), rendered August 9, 2022. The judgment convicted defendant, upon a plea of guilty, of driving while intoxicated (common law), and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
After waiving prosecution by information before the Criminal Court, defendant pleaded guilty (Elizabeth N. Warin, J.) to common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), and, thereafter, sentence was imposed (Jean T. Walsh, J.).[FN1]
On appeal, defendant contends that this charge was facially insufficient because the accusatory instrument failed to allege both that defendant had operated the motor vehicle in question and that the offending conduct occurred on a public highway or private road open to motor vehicle traffic (see Vehicle and Traffic Law § 1192 [7]). 
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see People v Dumay, 23 [*2]NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see People v Thiam, 34 NY3d 1040 [2019]; Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Furthermore, since defendant expressly waived the right to be prosecuted by information, the relevant count of the accusatory instrument must be evaluated under the standards that govern a misdemeanor complaint, which can be based upon hearsay and which is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]; 100.40 [4] [a]) and provides reasonable cause to believe that the defendant committed the crime charged (see CPL 100.40 [4] [b]; Dumay, 23 NY3d at 524; People v Dumas, 68 NY2d 729, 731 [1986]). "So long as the factual allegations of an [accusatory instrument] give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; see Konieczny, 2 NY3d at 575).
Defendant's alleged admission to the deponent police officer, set forth in the accusatory instrument, that defendant "was operating the vehicle" satisfies the "operating" element of the charge (see People v Henriquez, 73 Misc 3d 126[A], 2021 NY Slip Op 50875[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Green, 59 Misc 3d 134[A], 2018 NY Slip Op 50490[U] [App Term, 2d Dept, 2d, 11th, & 13th Jud Dists 2018]; People v Padmore, 44 Misc 3d 129[A], 2014 NY Slip Op 50988[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014] ["(c)orroboration of defendant's statements, including his admission that he was driving his car, was not required"]; see also People v Suber, 19 NY3d 247, 254 [2012]["corroboration of a defendant's admission is not a component of the prima facie case requirement for an information"]). From the foregoing admission, together with the allegation in the accusatory instrument that defendant was observed seated in a vehicle which was located at 1666 Union Street, in Kings County, it is reasonable to infer that defendant had driven upon a public highway (see Vehicle and Traffic Law § 1192 [7]; People v Morillo, 84 Misc 3d 132[A], 2024 NY Slip Op 51675[U] [App Term, 1st Dept 2024]; People v Cardona, 53 Misc 3d 137[A], 2016 NY Slip Op 51466[U] [App Term, 1st Dept 2016]). Consequently, as the accusatory instrument alleged facts of an evidentiary character supporting or tending to support the charge of common-law driving while intoxicated (see CPL 100.15 [3]; 100.40 [4] [b]; Vehicle and Traffic Law § 1192 [3]) and provided reasonable cause to believe that defendant committed this offense (see CPL 100.40 [4] [b]), the charge was facially sufficient (see Green, 2018 NY Slip Op 50490[U]).
Accordingly, the judgment of conviction is affirmed.
BUGGS, J.P., MUNDY and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 11, 2025

Footnotes

Footnote 1: While the record indicates that defendant also pleaded guilty to driving while ability impaired, nothing in the record establishes that he was sentenced thereon.