People v Moreno (2020 NY Slip Op 20290)

People v Moreno

2020 NY Slip Op 20290 [70 Misc 3d 10]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, January 20, 2021

[*1]

The People of the State of New York, Respondent,
v
Joaquin Moreno, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, October 30, 2020

APPEARANCES OF COUNSEL

Legal Aid Society, New York City (Hannah Gladstein of counsel), for appellant.
Eric Gonzlaez, District Attorney (Leonard Joblove and Sarah G. Pitts of counsel), for respondent.

{**70 Misc 3d at 11} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction is reversed, on the law, and the accusatory instrument is dismissed.
Defendant was charged in an accusatory instrument with driving while his ability was impaired (Vehicle and Traffic Law § 1192 [1]), a traffic infraction, consumption or possession of an alcoholic beverage in a motor vehicle located upon the public highways (Vehicle and Traffic Law § 1227 [1]), a traffic infraction, and consumption of alcohol on streets (Administrative Code of City of NY § 10-125 [b]), a violation, for conduct that allegedly occurred "at 238 56th Street" in Kings County. After waiving prosecution by information, defendant pleaded guilty to the added charge of parking in a prohibited area (see Vehicle and Traffic Law § 1202 [a] [1] [a]) in satisfaction of the accusatory instrument. On appeal, defendant contends that each count charged in the accusatory instrument was facially insufficient, and the People concede that the accusatory instrument was jurisdictionally defective and should be dismissed.
[*2]
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" {**70 Misc 3d at 12}(People v Case, 42 NY2d 98, 99 [1977]; see also People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Here, since defendant expressly waived the right to be prosecuted by information, the relevant counts of the accusatory instrument must be evaluated under the standards that govern a misdemeanor complaint (see Dumay, 23 NY3d at 524; see also CPL 100.15, 100.40 [4]; People v Dumas, 68 NY2d 729, 731 [1986]). While the law does not require that the accusatory instrument contain the most precise words or phrases most clearly expressing the charges, the offense and factual bases therefor must be sufficiently alleged (see Konieczny, 2 NY3d at 575). Moreover, here, defendant pleaded guilty to a traffic infraction which was not charged in the accusatory instrument. This court has previously held that, in a case such as this, where the charge to which defendant pleaded guilty did not constitute a lesser included offense of any of the counts charged in the accusatory instrument, the instrument could support a guilty plea if any one of the charged offenses which is of higher or equal grade was jurisdictionally sufficient (see People v Arnaud, 66 Misc 3d 126[A], 2019 NY Slip Op 52023[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Perez, 64 Misc 3d 84, 91 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Mason, 62 Misc 3d 75, 77 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). However, this court has yet to pass upon whether a jurisdictionally sufficient lower grade offense could, alone, support a guilty plea to a higher grade offense (cf. People v Lamb, 49 Misc 3d 135[A], 2015 NY Slip Op 51483[U] [App Term, 1st Dept 2015], lv denied 26 NY3d 1089 [2015]; People v Lineberger, 46 Misc 3d 152[A], 2015 NY Slip Op 50335[U] [App Term, 1st Dept 2015], lv denied 27 NY3d 1001 [2016]).
One of the charged offenses, Vehicle and Traffic Law § 1192 (1), provides that "[n]o person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol." Here, however, as acknowledged by the prosecutor at the plea proceeding, the accusatory instrument lacked any facts alleging that defendant had operated the motor vehicle that he was found asleep in or even that he had been in the driver's seat of the vehicle because he had intended on driving it. For example, it did not allege{**70 Misc 3d at 13} that the keys were in the ignition or that the engine was running or that any circumstances existed that would imply that the vehicle had recently been driven or even turned on (cf. People v Alamo, 34 NY2d 453 [1974]; People v Marriott, 37 AD2d 868 [1971]). Consequently, as the accusatory instrument failed to allege that defendant had operated a motor vehicle while his ability to do so was impaired by alcohol, this count in the accusatory instrument was facially insufficient.
The other traffic infraction charged in the accusatory instrument, Vehicle and Traffic Law § 1227, provides that "[t]he drinking of alcoholic beverages, or the possession of an open container containing an alcoholic beverage, in a motor vehicle located upon the public highways or right-of-way public highway is prohibited." Pursuant to Vehicle and Traffic Law § 134, a public highway is defined as "[a]ny highway, road, street, avenue, alley, public place, public driveway or any other public way," whereas Vehicle and Traffic Law § 133 defines a "private [*3]road" as "[e]very way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons." Here, as the People concede, the accusatory instrument failed to sufficiently allege that the prohibited conduct occurred on a public highway since it merely stated an address at which defendant's motor vehicle was located, with defendant asleep within the vehicle, without providing any further details. While an inference can be drawn that the vehicle was located on a public street, it is equally possible that the vehicle was parked in a private driveway or small private lot that was located at that address (see generally People v McNamara, 78 NY2d 626, 634 [1991]). Consequently, as the accusatory instrument failed to sufficiently allege that the vehicle that defendant was found asleep in was located on a public highway, the count charging defendant with violating Vehicle and Traffic Law § 1227 (1) was facially insufficient. Thus, the first two counts charged in the accusatory instrument, both traffic infractions (see Vehicle and Traffic Law §§ 1193 [1]; 1227 [1]; 1800 [b] [1]), cannot support defendant's guilty plea to parking in a prohibited area, also a traffic infraction.
We need not pass upon whether a violation, such as Administrative Code of the City of New York § 10-125 (b) charged herein, is of a grade higher or lower than, or equal to, a traffic infraction, and, if a lower grade, whether it could, if jurisdictionally sufficient, support a guilty plea to a traffic infraction since,{**70 Misc 3d at 14} here, as the People concede, the count charging defendant with a violation of Administrative Code of the City of New York § 10-125 (b) was not facially sufficient. Administrative Code of the City of New York § 10-125 (b) provides that "[n]o person shall drink or consume an alcoholic beverage, or possess, with intent to drink or consume, an open container containing an alcoholic beverage in any public place except at a block party, feast or similar function for which a permit has been obtained." Furthermore, Administrative Code of the City of New York § 10-125 (a) (2) defines a public place as
"[a] place to which the public or a substantial group of persons has access including, but not limited to, any highway, street, road, sidewalk, parking area . . . [and] shall also include the interior of any stationary motor vehicle which is on any highway, street, road, parking area, shopping area, playground, park or beach located within the city."
Consequently, similar to the alleged violation of Vehicle and Traffic Law § 1227, this offense requires an allegation that, in addition to an open container, there was a public element to defendant's conduct. Here, however, the accusatory instrument failed to sufficiently allege that the prohibited conduct occurred in a public place since, other than an address, it did not provide any details of the public nature of the location of defendant's vehicle, let alone that he was drinking an alcoholic beverage or in possession of an open container of alcohol (see e.g. People v Rodney, 63 Misc 3d 135[A], 2019 NY Slip Op 50486[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Walters, 49 Misc 3d 134[A], 2015 NY Slip Op 51463[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Consequently, as the accusatory instrument failed to sufficiently allege that the vehicle that defendant was found asleep in was located in a public place (see e.g. McNamara, 78 NY2d at 634 ["the interior of a vehicle parked at a stated address is not itself a 'public place' "]), the count of violating Administrative Code of the City of New York § 10-125 (b), as charged in the accusatory instrument, was facially insufficient. As all three counts charged in the accusatory instrument were facially insufficient, the accusatory instrument could not support defendant's guilty plea to [*4]the uncharged offense of parking in a prohibited area and the instrument must be dismissed (see Perez, 64 Misc 3d at 91; Mason, 62 Misc 3d at 78-79).{**70 Misc 3d at 15}
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
Aliotta, P.J., Siegal and Toussaint, JJ., concur.