People v Alma (2021 NY Slip Op 50831(U))

[*1]

People v Alma (Nicholas)

2021 NY Slip Op 50831(U) [72 Misc 3d 140(A)]

Decided on August 20, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 20, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2017-2452 Q CR

The People of the State of New York,
Respondent,
against
Nicholas Alma, Appellant. 

New York City Legal Aid Society (Arthur H. Hopkirk of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick
Talcott and Margaret Iocco), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Douglas S. Wong, J.), rendered November 1, 2017. The judgment convicted defendant, upon his
plea of guilty, of driving while ability impaired by drugs, and imposed sentence. The appeal
brings up for review an order of that court (Althea E.M. Drysdale, J.) dated September 26, 2017,
denying defendant's motion to dismiss the accusatory instrument on facial insufficiency
grounds.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an information with driving while ability impaired by drugs
(Vehicle and Traffic Law § 1192 [4]). The accusatory instrument, executed and sworn to by
a police officer, alleged the following in relevant part:
"Deponent states that on the above mentioned time, date and place of occurrence,
he observed the defendant, Nicholas Alma, parked on the side of the street in a tan Nissan vehicle
with a defective headlight.
Deponent further states that upon
approaching the defendant's vehicle[,] which was [*2]running and
had keys in the ignition[,] he observed the defendant to have bloodshot watery eyes, a strong
odor of marijuana on his breath and clothing and the defendant was unsteady on his feet upon
exiting said vehicle.
Deponent further states that he observed
marijuana residue on the defendant's shirt.
Deponent further
states that the defendant stated in sum and substance[,] I smoked marijuana
before."
Defendant pleaded guilty to the charge, and sentence was
imposed. On appeal, defendant contends that the accusatory instrument is jurisdictionally
defective because it failed to allege that defendant operated the vehicle.
As a threshold matter, we note that "[a] valid and sufficient accusatory instrument is a
nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Smalls, 26 NY3d 1064,
1066 [2016] [internal quotation marks omitted]; see People v Dreyden, 15 NY3d 100, 103 [2010]; People v
Case, 42 NY2d 98 [1977]; see also CPL 170.30; 170.35). In the instant case, since
defendant did not waive prosecution by information, the sufficiency of the accusatory instrument
must be evaluated under standards that apply to an information (see CPL 100.15, 100.40
[1] [a]; People v Barnes, 26 NY3d
986 [2015]; People v Kalin, 12
NY3d 225, 228 [2009]; People v Weinberg, 34 NY2d 429, 431 [1974]). The Court
of Appeals has stressed that an information must satisfy significantly more stringent facial
sufficiency requirements than those applicable to a complaint (see Smalls, 26 NY3d at
1067; People v Dumay, 23 NY3d
518, 522 [2014]; People v Alejandro, 70 NY2d 133, 139 [1987]). An information is
sufficient on its face if it contains nonhearsay factual allegations of an evidentiary nature which
establish, if true, every element of the offenses charged and the defendant's commission thereof
(see CPL 100.15 [3]; 100.40 [1]; People v Henderson, 92 NY2d 677, 679 [1999];
Alejandro, 70 NY2d at 136-137). As defendant pleaded guilty, the nonhearsay
requirement was forfeited (see People v Keizer, 100 NY2d 114, 122 [2003]). Further, the
law does not require that an information contain the most precise words or phrases which most
clearly express the thought; rather, the offense must be sufficiently alleged and the defendant
provided with sufficient notice so that he or she can prepare for trial and not be tried again for the
same offense (see People v Sedlock,
8 NY3d 535, 538 [2007]; People v
Konieczny, 2 NY3d 569, 575 [2004]; People v Casey, 95 NY2d 354
[2000]).
Vehicle and Traffic Law § 1192 (4) provides that "[n]o person shall operate a motor
vehicle while the person's ability to operate such a motor vehicle is impaired by the use of a drug
as defined in this chapter." Here, we find the information facially sufficient to allege the elements
of driving while ability impaired by drugs. The information alleged in relevant part that
defendant was observed in a "parked" motor vehicle on the side of the street, with the keys in the
ignition and the engine running. Giving the information a "fair and not overly restrictive or
technical reading" (Casey, 95 NY2d at 360), it can be reasonably inferred that the
arresting officer observed defendant in the driver's seat. With any accusatory instrument, we may
adopt all [*3]reasonable inferences that may be drawn from the
facts (see People v Jackson, 18
NY3d 738, 747 [2012]), and we need not require that the facts "negate all possible defenses
or make assertions responsive to every interpretation of facts potentially favorable to the
defendant" (People v Bello, 55 Misc 3d 152[A], 2017 NY Slip Op 50769[U], *2 [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; see also People v Guaman, 22 NY3d 678, 681-682 [2014]). Given
the arresting officer's observation that defendant was "parked" with the keys in the ignition and
the engine running, combined with the indicia of impairment and defendant's admission that he
had "smoked marijuana before," it is reasonable to conclude that defendant operated the vehicle
while in an impaired condition. Therefore, the accusatory instrument is not jurisdictionally
defective.
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., and TOUSSAINT, J., concur.
WESTON, J., dissents and votes to reverse the judgment of conviction and dismiss the
information in the following memorandum:
In my opinion, the information was jurisdictionally defective, as it failed to allege that
defendant operated a motor vehicle as required by Vehicle and Traffic Law § 1192 (4).
Accordingly, I dissent and vote to reverse defendant's conviction and dismiss the
information.
For an information to be facially sufficient, it must set forth facts that "establish reasonable
cause to believe that the defendant committed the charged offense" (People v Kalin, 12 NY3d 225, 228
[2009] [internal quotation marks omitted]) and "must also set forth 'non-hearsay allegations
which, if true, establish every element of the offense charged and the defendant's commission
thereof' " (Kalin, 12 NY3d at 228-229, quoting People v Henderson, 92 NY2d
677, 679 [1999]). Vehicle and Traffic Law § 1192 (4) requires, among other things, proof
that the defendant was the operator of the motor vehicle at the time of the charge. Here, however,
that critical element is absent (cf. People v Cunningham, 274 AD2d 484 [2000]; People v Brown, 65 Misc 3d
126[A], 2019 NY Slip Op 51493[U] [App Term, 1st Dept 2019]). 
Although the information alleges that defendant was observed in a parked vehicle with the
keys in the ignition and the engine running, nothing in these allegations supports the element of
operation. There was no allegation that defendant was observed at the wheel (see People v Avery, 68 Misc 3d
135[A], 2020 NY Slip Op 51093[U] [App Term, 1st Dept 2020]; see also People v Johnson, 140 AD3d
978 [2016]), or that he admitted to driving the vehicle (see People v Garcia, 49 Misc 3d 47 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2015]). Nor was there even an allegation that defendant exited the vehicle
from the driver's side, or that the officer approached the vehicle from the driver's side at the time
of his observations. Absent such allegations, there is no reasonable cause to believe that
defendant committed the crime charged (see People v Vargas, 55 Misc 3d 136[A], 2017 NY Slip Op
50501[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). 
While I recognize that the element of operation of a motor vehicle can be established
"without the necessity of allegations that the defendant had been observed operating his vehicle
or that the vehicle had actually been operated in an erratic fashion" (People v Green, 59 Misc 3d
134[A], 2018 NY Slip Op 50490[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2018] [citations omitted]), the accusatory instrument must still contain, at the very least,
allegations to support defendant's presence "behind the wheel with the engine running"
(People v Alamo, 34 NY2d 453, 458 [1974] [emphasis added]). I am sure the majority
would agree that merely being inside a motor vehicle with the engine running is not a violation of
the Vehicle and Traffic Law. Indeed, there must be some factual allegations to establish
defendant as the driver, and not merely a passenger (see People v Moreno, 70 Misc 3d 10 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2020]). In the absence of information from which one could reasonably
infer defendant was the operator of the motor vehicle, one is left to impermissibly speculate as to
an element of the offense.
Accordingly, I must dissent and vote to reverse the judgment of conviction and dismiss the
information.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 20, 2021