People v Ortega (2022 NY Slip Op 50587(U))

[*1]

People v Ortega (Jose)

2022 NY Slip Op 50587(U) [75 Misc 3d 139(A)]

Decided on June 10, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 10, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-748 RI CR

The People of the State of New York,
Respondent, 
against
Jose Alfonso Sanchez Ortega, Appellant. 

Appellate Advocates (Anna Kou of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and George D. Adames of counsel), for
respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County
(Raja Rajeswari, J.), rendered August 8, 2019. The judgment convicted defendant, upon his plea
of guilty, of driving while ability impaired, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, and the accusatory
instrument is dismissed.
Defendant pleaded guilty to driving while ability impaired (Vehicle and Traffic Law §
1192 [1]) in satisfaction of an accusatory instrument that had also charged him with driving while
intoxicated per se (Vehicle and Traffic Law § 1192 [2]) and common-law driving while
intoxicated (Vehicle and Traffic Law § 1192 [3]).
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a
criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see People v Dumay, 23 NY3d
518, 522 [2014]; People v
Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory
instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea
(see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Where a defendant
has pleaded guilty to one or more of the counts actually charged in a multi-count accusatory
instrument, and, on appeal, raises a jurisdictional challenge, the defendant need not challenge the
facial sufficiency of all of the counts contained in the accusatory instrument at the time the
defendant entered the guilty plea; rather, he or she need only challenge the facial sufficiency of
the actual count(s) to which he or she pleaded guilty (see People v Mason, 62 Misc 3d 75 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2019]). Here, since defendant expressly waived the right to be prosecuted
by information, the relevant count of the accusatory instrument, driving while ability impaired,
must be evaluated under the standards [*2]that govern a
misdemeanor complaint (see Dumay, 23 NY3d at 524; see also CPL 100.15,
100.40 [4]; People v Dumas, 68 NY2d 729, 731 [1986]). While the law does not require
that the accusatory instrument contain the most precise words or phrases most clearly expressing
the charge, the offense and factual basis therefor must be sufficiently alleged (see
Konieczny, 2 NY3d at 575). "So long as the factual allegations of an information give an
accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant
from being tried twice for the same offense, they should be given a fair and not overly restrictive
or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; see Konieczny,
2 NY3d at 575).
Vehicle and Traffic Law § 1192 (1) provides that "[n]o person shall operate a motor
vehicle while the person's ability to operate such motor vehicle is impaired by the consumption
of alcohol." It is well settled that a person sitting in the driver's seat of a vehicle with the engine
running may be found to have operated the motor vehicle without the need for proof that the
defendant had put the vehicle in motion (see People v Prescott, 95 NY2d 655, 662
[2001]; People v Alamo, 34 NY2d 453, 458 [1974]; People v Ramlall, 47 Misc 3d 141[A], 2015 NY Slip Op 50621[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Here, however, the accusatory
instrument alleged that the arresting officer observed defendant "seated behind the driver's seat
with the engine running." Consequently, without additional factual allegations pertaining to, for
example, the position, condition, and location of the vehicle, the accusatory instrument failed to
sufficiently allege that defendant had operated the motor vehicle, an essential element of the
offense to which defendant pleaded guilty (see Vehicle and Traffic Law § 1192 [1];
People v Moreno, 70 Misc 3d
10 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). Moreover, we find that the
statement allegedly made by defendant to the arresting officer that he was coming from work and
going home was not an admission that he had driven the vehicle or was intending to do so and
any reliance upon this statement to satisfy the statutory element of operation is misplaced unless
the reader of the accusatory instrument engages in impermissible speculation to fill in the gaps
left open by such a vague statement (see
generally People v Mejicanos, 40 Misc 3d 23, 26 [App Term, 2d Dept, 2d, 11th &
13th Jud Dists 2013]). 
As the accusatory instrument failed to allege that defendant had operated a motor vehicle
while his ability to do so was impaired by alcohol, the count in the accusatory instrument
charging defendant with violating Vehicle and Traffic Law § 1192 (1), to which defendant
pleaded guilty, was facially insufficient and must be dismissed (see Moreno, 70 Misc 3d
10). Instead of restoring the accusatory instrument "to its pre-pleading status . . . deem[ing it] to
contain all [of] the counts . . . which it contained . . . at the time of the entry of the [guilty] plea"
(CPL 470.55 [2]), here, driving while intoxicated per se and common-law driving while
intoxicated, we dismiss the accusatory instrument in its entirety, as it is jurisdictionally defective
for failing to sufficiently allege operation, a necessary element of these two counts as well
(see Prescott, 95 NY2d at 662; Alamo, 34 NY2d at 458).
Accordingly, the judgment of conviction is reversed and the accusatory instrument is
dismissed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 10, 2022