People v Rodriguez (2025 NY Slip Op 51905(U))

[*1]

People v Rodriguez

2025 NY Slip Op 51905(U)

Decided on December 3, 2025

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 3, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Eber Rodriguez, Defendant.

Docket No. CR-020704-25KN

Prosecution: Kings County District Attorney's Office by ADA Ji Ah Kim
Defendant: The Legal Aid Society by Claire Thomas, esq.

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that the accusatory instrument is facially insufficient and omissions in the Prosecution's automatic discovery render their Certificate of Compliance (COC) and Statement of Readiness (SOR) illusory.
The Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion to dismiss is GRANTED.
 BACKGROUND AND PRIOR PROCEEDINGS
Defendant was arraigned on a misdemeanor complaint charging Operating a Motor Vehicle Under the Influence of Alcohol on April 28, 2025 (VTL §§ 1192[1] and [3]). On May 2, the parties appeared in Part DWI for a hardship hearing; upon Defendant's application, the Court reinstated his driver's license. On June 2, the parties appeared in Part DWI; the Prosecution was not yet ready for trial and the case was adjourned for discovery compliance. On July 24, the Prosecution served and filed a Superseding Information (SSI) along with their COC and SOR.[FN1]
 On August 13, the parties appeared in Part DWI; the Court re-arraigned Defendant on the SSI and adjourned the case for COC challenges and reciprocal discovery. Between August 18 and [*2]September 9, the parties engaged in discovery conferral via email. On September 11, Defendant served the instant motion and attempted to file it with the Court, but the filing was returned for correction. On September 15, the Prosecution served and filed a Supplemental Certificate of Compliance (SCOC).[FN2]
 Defendant successfully filed the motion with the Court on October 24. The Prosecution timely served and filed their response, and both parties timely served and filed sur-replies.
Defendant argues that the SSI is facially insufficient as to all counts on the element of operation. He also argues that the Prosecution's failure to disclose the following items of discovery before filing their COC renders it invalid: underlying impeachment materials for testifying police witnesses, a Domain Awareness System (DAS) search report for Defendant, all reports or a written statement of findings generated by the Prosecution's intended expert witness, the Police Accident Report; six photographs of the car accident included as attachments to the Motor Vehicle Accident Report, and the search warrant application minutes.[FN3]
 In total, Defendant assesses one hundred and thirty-six days of includable speedy trial time.
The Prosecution argues that the SSI is facially sufficient as to all counts, and that they filed their COC and SOR in good faith after exercising due diligence, as required by CPL §245.50. They further argue that Defendant's facial sufficiency challenge is untimely. Addressing Defendant's specific discovery contentions, they argue that the impeachment materials he seeks are not subject to automatic discovery. They assert that they have reasonably relied on information from the arresting officer that the DAS search report and Police Accident Report do not exist, and that they have already turned over their expert witness's reports. The Prosecution concedes that the six photographs are subject to automatic discovery and that they omitted them from their COC but argue that this does not undermine their diligence. They attest to taking prompt remedial action to obtain them upon Defendant's notification and will turn them over as soon as they receive them. They state that they requested the minutes from the warrant application before filing their COC and that they promptly disclosed them upon receipt. Moreover, they argue that the belated discovery was not prejudicial, and that the minutes were not automatically discoverable because they were not in the Prosecution's custody or control. Nevertheless, they argue that their SCOC was sufficient to validate the COC. Lastly, they argue that Defendant's motion is unsigned and therefore unsworn, so it should be denied out of hand.

RELEVANT LAW
Pursuant to the automatic discovery provisions of CPL §245.20(1), the prosecution is required to disclose to the defendant, without motion, a list of enumerated items. Disclosure under this section is limited to several categories of "material and information in the possession, custody and control of the prosecutor or persons under the prosecution's direction or control" (CPL §245.20[1]).
Once such disclosure is made, the prosecution must certify compliance with these discovery obligations by the service and filing of a COC (CPL §245.50[1]). The statute further [*3]provides that "[n]o adverse consequences to the prosecution shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article" (Id.).
If the prosecution provides additional discovery after filing their COC but prior to trial, they must file a SCOC, detailing the additional materials (CPL §245.50[1]). In the SCOC, the prosecution must also detail the basis for the delayed disclosure so the court may evaluate whether the late disclosure affects the validity of the original COC (CPL §245.50[1]; see also CPL §245.50[5]; People v Bay, 41 NY3d 200 [2023]). The filing of a SCOC shall not affect the validity of the original COC if the COC was filed in good faith after exercising due diligence (id.).
To be deemed facially sufficient, a misdemeanor information must contain non-hearsay allegations of an evidentiary nature that provide reasonable cause to believe that the defendant committed the offenses charged and, if true, the allegations must establish every element of each offense (see People v Alejandro, 70 NY2d 133, 137 [1987]; CPL §100.40[1]). Reasonable cause exists "when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it" (CPL §70.10[2]). Facial sufficiency is determined by reviewing the factual portion of the accusatory instrument in conjunction with any supporting depositions. However, the prima facie requirement for the facial sufficiency of an information "is not the same as the burden of proof beyond a reasonable doubt required at trial, nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based upon the proof presented at trial" (People v. Smalls, 26 NY3d 1064, 1066 [2015]). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v. Casey, 95 NY2d 354, 360 [2000]). The court must assume that the factual allegations are true and must consider all reasonable inferences that may be drawn from the allegations (CPL §100.15; Alejandro, 70 NY2d at 135; People v Henderson, 92 NY2d 677 [1999]). The court need not negate every other plausible theory when a reasonable view of the facts establishes the offense charged (People v Dumay, 23 NY3d 518, 525-526 [2014]).
VTL §1192(1), Driving While Ability Impaired, provides that "no person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol."
VTL §1192(2), Driving While Intoxicated, per se, provides that "no person shall operate a vehicle while such person has .08 of one per centum or more by weight of alcohol in the person's blood as shown by chemical analysis of such person's blood, breath, urine or saliva, made pursuant to the provisions of § 1194 (Arrest and testing)."
VTL §1192(2-a)(a), Aggravated Driving While Intoxicated, per se, provides that "no person shall operate a vehicle while such person has .18 of one per centum or more by weight of alcohol in the person's blood as shown by chemical analysis of such person's blood, breath, urine or saliva, made pursuant to the provisions of § 1194 (Arrest and testing)."
VTL §1192(3), Driving While Intoxicated, provides that "no person shall operate a motor vehicle while in an intoxicated condition."
A statement of readiness is valid only if the prosecution certifies that all counts in the accusatory instrument meet the requirements of CPL §§ 100.15 and 100.40, and those that do not have been dismissed (CPL §30.30[5-a]).
Pursuant to CPL §30.30[1][b], the prosecution must declare trial readiness within ninety days from the date of commencement of a misdemeanor criminal action. A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz). 

ANALYSIS
Facial Sufficiency
The factual portion of the SSI makes the following allegations:
The deponent states that at the above time and place, which is a public roadway, the deponent observed the defendant standing next to a 2011 Honda CRV bearing a Pennsylvania license plate No. MJA6207 on a bus lane, and that there were no other people in the vicinity of the above-described vehicle.
The deponent is informed by the defendant's own statements that the defendant was driving the above-described vehicle.
The deponent further states that at the approximate, (sic) above time and place, deponent observed the defendant exhibiting signs of intoxication: strong odor of alcohol on defendant's breath, slurred speech, blood shot (sic) eyes, and a swaying balance.
The deponent further states that the deponent is informed by the attached chemical test analysis that, at the time and date indicated, the defendant submitted to a chemical test to determine the defendant''s (sic) blood alcohol concentration with a result of 0.19% alcohol content.
Defendant's argument is multi-faceted. First, he points out that there is neither any allegation that the engine was running, nor that the keys were in the ignition or anywhere on his person, nor that he was even inside the vehicle. Rather, the allegations merely state that Defendant was standing near the vehicle. This, he argues, provides no indication that he operated or intended to operate the vehicle. Next, he argues that the allegation that the deponent is "informed by the defendant's own statements that the defendant was driving the above-described vehicle" is insufficient to establish operation because it is vague on several fronts: it offers no timeframe for when he was driving or facts to suggest he had driven recently and lacks any [*4]quoted statement. In support of his argument, Defendant relies upon People v Moreno, 70 Misc 3d 10 (2020) (finding the accusatory instrument facially insufficient as to the element of operation where the defendant was allegedly asleep behind the wheel, but there was neither any allegation that the keys were in the ignition or the engine was running, nor any circumstances showing that the vehicle had been recently driven or turned on) and People v Ortega, 75 Misc 3d 139(A) (2022) (finding that the defendant's own statement that he was coming home from work was not an admission that he had driven the vehicle for purposes of establishing the element of operation because such a vague statement required impermissible speculation).
The Prosecution refutes this, arguing that Defendant's own admission of driving taken in conjunction with the fact that the vehicle was in the bus lane and there were no other possible drivers around is sufficient to make out the element of operation for pleading purposes.
As Defendant astutely observes, the fact that he was observed standing next to a vehicle provides no basis to conclude he operated it. The SSI is devoid of any details about the location of the keys and the condition of the engine. The pleading does not even suggest that Defendant was in possession of the keys such that he could have been operating the vehicle when he encountered police. Despite the Prosecution's claim to the contrary, the placement of the vehicle in a bus lane and the lack of other possible drivers in the vicinity says nothing of how the vehicle came to be there or when. Indeed, on the factual pleading and supporting depositions alone, the Court cannot ascertain whether the vehicle had been there for minutes, hours, or days.
Likewise, the vagueness of Defendant's alleged statements offers little clarification. Even assuming the truth of the alleged statements — which the Court notes are not quoted or offered in sum and substance, but apparently generally summarized — the pleading does not establish when or where Defendant "was driving" the vehicle. Defendant's alleged statements are insufficient to establish operation to sustain the charged offenses without impermissible speculation (People v Ortega, 75 Misc 3d 139[A]).
The Court finds that the accusatory instrument is facially insufficient as to all counts because it does not make out the essential element of operation. Because the SSI does not contain any facially sufficient counts, the Prosecution could not validly state ready for trial. As such, their SOR was illusory. Defendant's remaining contentions regarding discovery are rendered moot.
Timing and Form of Defendant's Motion
The Prosecution's procedural arguments — that Defendant's motion is untimely and that the motion is invalid because it is unsigned and unsworn — are both meritless. "A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]). The Court has no authority to impose a time limit on such a challenge.
As to the structure of the motion, it contains a Notice of Motion detailing the relief sought and a return date, and an Affirmation containing facts, law, and argument. It also contains an affirmation of truthfulness under penalty of perjury at the beginning and a signature block bearing defense counsel's name, law firm address, phone number, email address, and typed signature at the end. The Court is somewhat puzzled by the Prosecution's argument, given that Defendant's motion apparently conforms to all norms (see CPL §255.20; CPLR §2101(d) ["Each paper served or filed shall be indorsed with the name, address and telephone number of the attorney for the party serving or filing the paper"]). The only possible basis the Court sees for the [*5]Prosecution's claim is that the signature is typed, not handwritten, which is a meaningless distinction under the circumstances. The Court finds that Defendant's motion is properly signed and sworn. 
Speedy Trial Calculation
This case commenced with the filing of an accusatory instrument on April 28, 2025. However, the clock was immediately paused because Defendant requested a hardship hearing at arraignment (CPL §30.30[4][a]; People v Corriette [Burt], 25 Misc 3d 141[A] [2009] [finding that an adjournment to assess whether the defendant should be granted a conditional driver's license is excludable as a "pre-trial hearing" under CPL §30.30[4][a]). After the hearing was concluded on May 2, the clock commenced running. Because the Prosecution's SOR was illusory, it failed to stop the speedy trial clock. The clock ran until September 11, when Defendant served and attempted to file the instant motion to dismiss. In total, the Prosecution has accrued one hundred and thirty-two days of includable speedy trial time.

CONCLUSION
Because the Prosecution has exceeded their statutorily permissible ninety-day speedy trial limit, Defendant's motion to dismiss is granted (CPL §30.30[1][b]).
This constitutes the decision and order of the Court.
Dated: December 3, 2025
Brooklyn, NY
Hon. Joshua Glick, JCC

Footnotes

Footnote 1: The SSI charges four counts of Operating a Motor Vehicle While Under the Influence of Alcohol, as defined by VTL §§ 1192(1), (2), (2-a)(a), and (3). 

Footnote 2: The SCOC referred to a disclosure made on August 5, namely the minutes from an application for a warrant.

Footnote 3: Defendant points out that the Prosecution did not file a SCOC when they disclosed the minutes, as statutorily required.